**Ex parte Erineo SERRATO, Applicant.**

No. 73206.

Court of Criminal Appeals of Texas.

Sept. 29, 1999.

Erineo Serrato, Beeville, pro se.

District Attorneys Office, San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

The opinion was delivered PER CURIAM.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of driving while intoxicated, committed on December 2, 1994, enhanced by two prior DWI convictions. The court assessed punishment at five years imprisonment. No appeal was taken from this conviction.

Applicant contends, *inter alia*, that he has been illegally sentenced because his prior DWI convictions were not final convictions, and thus could not be used to enhance the instant conviction to a felony. After remand, the record reflects that applicant's prior DWI convictions, two of which occurred in 1993 and one in 1990, were probated, and the probations were not revoked prior to their expiration. We filed and set this case to determine whether a probated sentence imposed under the former DWI statute (Article 6701*l*–1 V.A.C.S.) may be used for purposes of enhancement under the current DWI statute (V.T.P.C. § 49.09.)

Art. 49.09(d) provides:

> For purposes of this section, a conviction for an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 *that occurs on or after September 1, 1994,* is a final conviction, whether the sentence for the conviction is imposed or probated.

(emphasis supplied.) Applicant contends that the penal code authorizes the use of a probated DWI sentence only if it occurred after September 1, 1994. All of Applicant's probated DWI convictions occurred prior to September 1, 1994. Therefore we must consider whether the Legislature intended to allow the use of probated DWI convictions which occurred before the enactment of Penal Code § 49.09 in 1994, for the purpose of enhancement under the newer provision.

In analyzing a legal issue governed by a statute, we apply the plain meaning of its language, unless its application is ambiguous or would lead to an absurd result. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). In this case, the statute clearly resolves the issue, and we need not look further.

Applicant was convicted of driving while intoxicated pursuant to V.T.P.C. § 49.04. The relevant penalty enhancement provision provides: "If it is shown on the trial of an offense under Section 49.04 . . . that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated . . . the offense is a felony of the third degree." V.T.P.C. § 49.09(b). Art.

49.09(c) specifically defines the term "offense relating to the operating of a motor vehicle" to include "an offense under Article 6701*l*–1 Revised Statutes, *as that law existed before September 1, 1994*." V.T.P.C. § 49.09(c)(emphasis supplied). And the former DWI law to which the statute refers stated: "For purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated." Article 6701*l*–1 V.A.C.S.

■ The Legislature thus provided specifically in Art. 6701*l*-1 that a probated conviction could be used to enhance punishment in a DWI case. In reenacting the provision in the penal code, the Legislature again specifically noted that probated sentences for purposes of DWI enhancement would be permissible. V.T.P.C. § 49.09(d). In light of the Legislature's specific intent to keep the law the same as its previous incarnation, we do not find applicant's contention to have merit. This section was enacted to state that probated convictions under the new statute are considered final convictions. And by incorporating the prior DWI statute, as that law existed before enactment of the new statute, the Legislature declared its intent to continue the status quo, which included permitting probated DWI convictions for enhancement if the offense occurred after January 1, 1984.

We hold that a probated DWI conviction which occurred after January 1, 1984, but prior to September 1, 1994, may properly be used to enhance a sentence. Applicant has not been illegally sentenced, and his five year prison term falls within the proper range of punishment for a third degree felony. Relief is denied. All other claims are denied.