Gerald Duane Howard v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-161-CR

GERALD DUANE HOWARD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Gerald Duane Howard appeals his conviction for felony driving while intoxicated (DWI).  A jury found Howard guilty and assessed his punishment at sixty years’ confinement.  In two points, Howard challenges the factual sufficiency of the evidence to prove that he operated a motor vehicle while intoxicated and the factual sufficiency of the evidence establishing two prior DWI offenses utilized to enhance the present offense to a felony.  We will reverse and remand.

II.  Factual Background

On the night of May 6, 2002, as Annette Stull drove home from work, she saw a white, older model pickup truck driving erratically.  The driver drove the truck all over the road, sped up, slowed down, and slammed on the brakes. While Stull followed the truck, the driver repeatedly veered into the oncoming lane of traffic, including while cresting a hill, rounding a curve, and crossing a bridge.  Stull called 911 on her cell phone and reported a suspected drunk driver.  The driver eventually turned onto Avery Road, and Stull told the 911 operator that she was going home.

Deputy Steve Smith responded to the 911 dispatch and encountered a white, mid-nineties model GMC pickup on Avery Road.  While Smith followed the truck, the driver failed to indicate a turn onto Lipan Highway, crossed over the highway’s center line twice, and veered across the solid white line on the right-hand shoulder with all four tires.  Smith activated his emergency lights to pull the truck over, but the driver stopped the truck only after Smith sounded his siren.  The driver stopped at a Circle B Grocery Store.  When Smith approached the truck, the driver identified himself as Gerald Howard.  Smith noticed a strong odor of alcohol emitting from Howard’s breath and asked Howard to submit to some field sobriety tests.  Howard said that he had three to four beers that evening and agreed to perform the sobriety tests. 

Smith administered the horizontal gaze nystagmus test (HGN), and Howard exhibited the maximum six “clues,” indicating intoxication.  Smith also administered the one-leg stand test, and Howard held his foot up for only four counts, again indicating intoxication.  Smith finally administered the nine-step walk and turn test, but Howard became unbalanced while listening to the instructions, never touched his heel to his toe, stepped off the designated line twice, and fell over once.  Based on the results of these three tests, Smith placed Howard under arrest for driving while intoxicated. 

Smith inventoried Howard’s truck and found twenty-one empty beer cans and bottles.  He found one full cold can of beer and one half-full open can of beer in the front of the truck.  Smith transported Howard to the police station, and officers questioned Howard in the intoxilyzer room.  Howard refused to provide a breath sample, and this time declined performance of the field sobriety tests.

Eddie Raines, Howard’s friend and coworker, testified for the defense.  He said he, Bob, and Magan were with Howard on the evening of May 6, 2002. Raines said that he, Bob, and Magan were drinking beer in the truck, but that he did not see Howard drink anything.  He further testified that Howard drove a gold GMC truck with no tailgate.  Charles Prater, Howard’s employer, also testified that Howard drives a goldish-looking GMC truck with no tailgate.

Howard testified that he took Raines and some other coworkers to Kroger to get groceries because his coworkers did not have driver’s licenses.  He said he was not drinking that night and that the empty beer cans in his truck were from beers consumed by his passengers.  Howard blamed his behavior that night on lack of sleep, claiming he had been awake since 4:15 a.m. the prior morning.  Howard said that he did use his turn signal when he turned onto Lipan Highway and explained that he did not immediately pull over when he saw Smith’s emergency lights because it was not a good place to pull over.  He thought he did “pretty good” on both the one-leg stand and the nine-step walk and turn tests.  He testified that Smith filmed the field sobriety tests performed after the traffic stop with a portable video camera, but Smith testified that his patrol car does not have a video camera.  Howard also testified that Smith’s partner placed Howard in the patrol car, but Smith testified he was working alone that night.  Howard said that a wrecker tow truck arrived at the Circle B Grocery Store at exactly the same time Smith stopped him there. Howard said that Smith asked the driver of the tow truck to stay by the gas pumps until the field sobriety testing was completed.  

Howard said that he was not intoxicated when Smith pulled him over. According to Howard, the breathalyzer is a “trap.”  He said that he did not trust the officers to operate the machine properly.  Howard admitted that he had two prior DWI convictions and concluded his testimony by telling the jury that Smith lied:  (1) about Howard stating that he consumed three to four beers; (2) about where he turned on his emergency lights; (3) about not having a video camera in his patrol car; (4) about Howard failing the sobriety tests; and (5) about the color of Howard’s truck, which is gold.

III.  Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis
, 922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

IV.  Factually Sufficient Evidence to Support 2002 DWI Conviction

In his first point, Howard complains that the evidence is factually insufficient to prove he operated a motor vehicle while intoxicated.  Specifically, Howard argues that the video at the jail portrays a man who is not impaired physically or mentally and that neither of the State’s witnesses identified his truck as gold or as missing a tailgate.  The State responds that the evidence is factually sufficient to sustain Howard’s conviction.

Stull reported Howard’s erratic driving to 911 after watching him repeatedly veer into the oncoming lane of traffic.  When Deputy Smith encountered Howard on Avery Road, Howard failed to signal a turn, crossed over the center stripe twice, and crossed the shoulder stripe once.  Smith detected a strong odor of alcohol on Howard’s breath, and Howard admitted to drinking three to four beers.  Howard failed the field sobriety tests:  the HGN test, the one-leg stand test, and the walk and turn test.  And, police found over twenty beer cans in Howard’s truck.  

Raines corroborated Howard’s statement that he had not been drinking on the night in question.  Raines, Prater, and Howard contradicted both Stull and Smith’s testimony that the truck was white, testifying that Howard drives a gold truck that does not have a tailgate.  In addition, Howard presented the jury with a different version of his performance on the field sobriety tests, stating that he passed all of the tests.  Howard also negated many of Smith’s statements and told the jury that Smith lied about the color of Howard’s truck, about where Smith turned on his emergency lights, about not videotaping the field sobriety tests, and about how many beers Howard had consumed. 

The jury viewed a videotape of Howard in the intoxilyzer room.  It shows Howard refusing to take a breathalyzer test and to reperform the field sobriety tests.  During the short video, Howard is cooperative, answering the officers’ questions and standing in the designated box.

Viewing the foregoing evidence in a neutral light, favoring neither party and giving due deference to the fact finder’s determinations, we conclude there is factually sufficient evidence that Howard lacked the normal use of his physical and mental faculties on the night in question.  
See Johnson
, 23 S.W.3d at 7; 
Clewis
, 922 S.W.3d at 136.  The jury’s evident acceptance of Stull’s and Smith’s testimony was not so contrary to the overwhelming weight of the evidence to justify a finding that it was factually insufficient to sustain the verdict. 
 
Perkins v. State
, 19 S.W.3d 854, 858 (Tex. App.—Waco 2000, pet. ref’d) 
(holding DWI evidence factually sufficient even when police station video shows defendant cooperating with officers, speaking clearly but deliberately, and able to follow directions); 
see also Page v. State
, 7 S.W.3d 202, 209 (Tex. App.—Fort Worth 1999, pet. ref’d) (stating because there was no scientific evidence in DWI case, it was entirely a question of credibility).  We hold that the evidence is factually sufficient to support Howard’s conviction for operating a motor vehicle while “intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.”  
See 
Tex. Penal Code Ann.
 § 49.01(2)(A) (Vernon 2003);
 see also Rodriguez v. State
, 31 S.W.3d 359, 361 (Tex. App.—San Antonio 2000, pet. ref’d) (holding evidence factually sufficient to support jury’s verdict in DWI case).  We overrule Howard’s first point.

V.  Factually Insufficient Evidence to Support Enhancement

In his second point, Howard contends that the evidence is factually insufficient
(footnote: 1) to prove the two enhancement DWIs.
(footnote: 2)  Howard’s indictment alleged that he committed DWI on May 6, 2002 and that prior to the commission of that offense he was convicted of DWI on August 10, 1999 and on February 9, 1989.
(footnote: 3)  The issue presented by Howard is whether the evidence is factually sufficient to support the State’s use of the remote 1989 DWI to enhance the charged May 6, 2002 offense to a felony.  

The DWI statutes permit the State to enhance
(footnote: 4) a DWI charge from a Class B misdemeanor to a third degree felony if the requirements of section 49.09(e) are met.  
See generally
 
Tex. Penal Code Ann.
 § 49.09(b), (e).  Prior to its amendment on September 1, 2001, subsection (e) of section 49.09 of the Texas Penal Code provided:

A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08, or any offense relating to operating a motor vehicle while intoxicated, committed within 10 years before the date on which the offense for which the person is being tried was committed.

Act of May 30, 1999, 76
th
 Leg., R.S., ch. 1364, § 12, 1999 Tex. Gen. Laws 4606, 4610 (amended 2001) (current version at 
Tex. Penal Code Ann.
 § 49.09(e) (Vernon 2003)).

After its amendment on September 1, 2001, subsection (e) of section 49.09 now provides:

Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d);

(2) the offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or 

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

Tex. Penal Code Ann.
 § 49.09(e) (Vernon 2003).
(footnote: 5)
 In determining whether a prior DWI conviction could be used to enhance a current DWI to a felony, the pre-2001 version of section 49.09(e) utilized a “look back” approach.  
See Uriega v. State
, No. 04-03-00397-CR, 2004 WL 431472, at *2 (Tex. App.—San Antonio Mar. 10, 2004, pet. filed).  The statutory language directed courts to “look back” ten years from the date of the primary DWI offense and determine whether an intervening DWI conviction had occurred since the remote DWI conviction, i.e, a conviction more than ten years prior to the charged offense.
(footnote: 6)  
Id.

Under the current version of section 49.09(e), the determination of whether a defendant has had an intervening DWI conviction is made by “looking forward” ten years from the date of the oldest DWI conviction.  
Id.
 That is, courts look forward ten years from the remote, oldest DWI conviction and determine whether the defendant in that ten-year period attained a DWI conviction.  
Id.
  Under both versions of the statute, the State bears the burden of proving the defendant has two prior DWI convictions within the relevant time period.  
See generally, Renshaw v. State
, 981 S.W.2d 464, 466 (Tex. App.—Texarkana 1998, pet. ref’d) (decided under pre-2001 amendments version of 49.09(e)).

Because Howard’s primary DWI offense is alleged to have occurred on May 6, 2002, the current version of section 49.09(e), including the 2001 amendments, apply to this case.  
See
 
Uriega
, 2004 WL 431472, at *2.
(footnote: 7)  Here, Howard’s July 7, 1989 conviction occurred more than ten years before he committed the charged offense on May 6, 2002, and Howard was not convicted of another intoxication-related offense until August 10, 1999,
(footnote: 8) which is one month outside the ten-year period after the July 1989 conviction.
(footnote: 9)  
Under the express language of the statute as amended effective September 1, 2001, Howard’s 1989 conviction was too remote to be used to elevate the charged DWI offense to a felony.  
See
 
Tex. Penal Code Ann.
 § 49.09(b)(2), (e)(2), (e)(3); 
see also Uriega
, 2004 WL 431472, at *3; 
Getts v. State
, No. 12-03-00047-CR, 2003 WL 22456104, at *3 (Tex. App.—Tyler Oct. 29, 2003,  pet. filed) (not designated for publication).
(footnote: 10)  Therefore, the State did not meet its burden.  
See generally, Renshaw
, 981 S.W.2d at 466 (holding, under previous version of 49.09(e), that in felony DWI trial State must prove existence of two prior DWI convictions and that convictions fall within prescribed statutory time period for enhancement use).

Viewing the foregoing evidence in a neutral light, favoring neither party and giving due deference to the fact finder’s determinations, we conclude there is factually insufficient evidence to enhance the current DWI conviction to a felony.  The 1989 conviction the State used to enhance Howard’s 2002 DWI offense from a misdemeanor to a felony was improper because it does not meet the statutory requirements mandated by Texas Penal Code section 49.09(e). 
See Uriega
, 2004 WL 431472, at *3
; Getts
, 2003 WL 22456104, at *3. Accordingly, we sustain Howard’s second point.

VI.  Conclusion

Having sustained Howard’s second point, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.  
See
 
Tex. R. App. P.
 43.2(d).

SUE WALKER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

PUBLISH

DELIVERED: April 29, 2004

FOOTNOTES
1:
We note that the prayer in Howard’s brief asks this court to acquit him and alternatively seeks a remand.  A prayer for an acquittal is consistent with a challenge to the legal sufficiency of the evidence.  
See Clewis
, 922 S.W.2d at 133 (holding appellant challenging legal sufficiency of evidence should request reversal and rendition of judgment of acquittal).  Howard specifically frames his second issue, however, as a challenge to the factual sufficiency of the evidence.  Therefore, we apply a factual sufficiency analysis to Howard’s second point.

2:
In one sentence in his brief, Howard also argues that both prior DWI convictions are too remote to be used to enhance the May 6, 2002 DWI; therefore, the district court did not have jurisdiction to hear the case.  Howard did not, however, brief this jurisdictional issue; therefore, we will not address it.  
See Massey v. Massey
, 807 S.W.2d 391, 403 (Tex. App.—Houston [1
st
 Dist.] 1991, writ denied) (stating failure to properly brief error results in waiver of alleged error).

3:
Howard contends that a conflict exists between the proof at trial and the indictment’s enhancement allegations because the State proved two different conviction dates for the alleged 1989 DWI.  The State admitted a copy of the 1989 DWI judgment showing a conviction date of February 9, 1989, consistent with the indictment’s allegation, and also introduced a copy of Howard’s state driving record showing a conviction date of July 7, 1989.  The disparity in these dates does not alter the outcome of this case.

4:
We use the term “enhance” because penal code section 49.09 uses that term.  We recognize, however, that prior DWIs are elements of the offense of felony DWI as opposed to traditional enhancement provisions.  
See, e.g., Hollen v. State
, 117 S.W.3d 798, 801 (Tex. Crim. App. 2003) (explaining that “the two prior [DWI] convictions are elements of the offense of felony DWI”); 
Tex. Penal Code
 § 12.42, .43 (Vernon 2003) (setting forth traditional punishment enhancement provisions).

5:
The Legislature amended Texas Penal Code section 49.09 again in 2003, but not the subsections at issue here.

6:
This appears to be the method the State relies on in using Howard’s prior DWI convictions to enhance his current DWI conviction.

7:
Under the pre-2001 amendments version of section 49.09(e), the State could utilize Howard’s 1989 DWI conviction to enhance the charged DWI because Howard had an intervening DWI conviction on August 10, 1999, which is within the ten-year period preceding the charged offense.  
See
 
Uriega
, 2004 WL 431472, at *2.

8:
Howard appears to argue that his 1999 DWI conviction cannot be used to enhance his current DWI conviction because it fails the test set forth in Texas Penal Code section 49.09(d), which provides that a prior DWI conviction occurring on or after September 1, 1994, is a final conviction regardless of whether the sentence for the conviction is probated.  
See
 
Tex. Penal Code Ann.
 § 49.09(e).  Howard misinterprets subsection (d).  Subsection (d) does not make all DWI convictions occurring after September 1, 1994 too remote.  
Id.
 Instead, subsection (d) statutorily makes all DWI convictions on or after September 1, 1994, final for purposes of satisfying subsection (e)(1).  
See id. § 
49.09(e)(1).  A final DWI conviction is barred from use for enhancement purposes only if it meets subsection (e)(1), (2), and (3).  
Id.
 § 49.09(e) Therefore, Howard’s argument concerning subsection (d) does not make the 1999 conviction inadmissible.

9:
The judgment date of the prior conviction is one of four possible dates from which the ten-year “look forward” period is measured under the amended version of section 49.09(e)(2)(A)-(D).  
See
 
Tex. Penal Code Ann.
 § 49.09(e)(2)(A)-(D).  The record in this case contains no evidence of the other three dates from which the ten-year period could be measured, nor does the State urge the application of any other statutory date.

10:
Our interpretation of section 49.09(e) is consistent with the plain language of the statute, legislative intent, and other appellate decisions.  
See Uriega
, 2004 WL 431472, at *3; 
Anderson v. State
, 110 S.W.3d 98, 99 (Tex. App.—Dallas 2003, no pet.); 
Getts
, 2003 WL 22456104, at *3.