The STATE of Texas, State,

v.

Patrick Wayne **VERHOEVEN**, Appellee.

No. 2–03–234–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 7, 2004.

Rehearing Overruled Nov. 4, 2004.

§ 49.09 (Vernon Supp.2004–05). We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Verhoeven was indicted for DWI, allegedly committed on June 28, 2002 and jurisdictionally enhanced to a felony by two prior DWI convictions, dated November 30, 1984 and May 27, 1998. Verhoeven filed a motion to quash the indictment, contending that his November 30, 1984 DWI conviction could not be used for enhancement purposes because it was time-barred by an application of the "ten-year rule" pursuant to section 49.09(e). The trial court granted Verhoeven's motion, resulting in this appeal.

## III. STATE'S RIGHT TO USE 1984 CONVICTION

In its sole point, the State complains that the trial court erred in basing its decision to grant Verhoeven's motion to quash the indictment on a finding that Verhoeven's 1984 conviction did not qualify for use in the enhancement paragraph of the indictment. The State contends that the DWI enhancement statute does not prohibit the State from using Verhoeven's 1984 conviction.

DWI is normally a misdemeanor offense. TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). However, when the driver has two prior DWI convictions the offense may be jurisdictionally "enhanced" to a felony. *Id.* § 49.09(b). A prior conviction cannot be used for enhancement if it satisfies certain statutory requirements found in section 49.09(e). The State argues that Verhoeven's 1984 conviction is properly included in the enhancement count of Verhoeven's indictment because the prior conviction fails to meet one of the conjunctive requirements of that section. Specifically, the statute provides that a prior conviction cannot be used for enhancement if it is (1)

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty., Chief of Appellate Section, Steven Jumes, Asst. Crim. Dist. Atty., Fort Worth, for State.

Law Office of William H. 'Bill' Ray, P.C., William H. 'Bill' Ray, Fort Worth, for Appellee.

Panel A: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

In a single point, the State of Texas challenges the trial court's grant of appellee Patrick Wayne Verhoeven's ("Verhoeven") motion to quash the jurisdictional enhancement count of his felony driving while intoxicated ("DWI") indictment. The State complains that the trial court erred in granting the motion based on the finding that Verhoeven's 1984 DWI conviction did not qualify for enhancement use under section 49.09. TEX. PENAL CODE ANN.

a final conviction under section 49.09(d), and (2) a remote prior conviction, which is a conviction (a) more than ten years old and (b) separated by ten years from any other DWI conviction.[1] *Id.* § 49.09(e). As the remoteness requirement is not an issue raised by the State, we examine the first of the conjunctive requirements regarding a final conviction. Section 49.09(d) provides that a final conviction is "a conviction for an offense under [Chapter 49 of the Penal Code] that occurs on or after September 1, 1994 . . . whether the sentence for the conviction is imposed or probated." *Id.* § 49.09(d). The State avers that, under a literal reading of the statute, Verhoeven's 1984 conviction is not final because it was neither charged under Chapter 49, which became effective September 1, 1994, nor did it occur on or after that date. Therefore, it cannot be excluded from the enhancement count of his indictment because it is not "final."

### A. Standard of Review

■ When interpreting a statute, we attempt to effect the intent of the legislature. *Griffith v. State*, 116 S.W.3d 782, 785 (Tex.Crim.App.2003) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991)). This requires interpreting an unambiguous statute literally, unless doing so would lead to an absurd result. *Id.* If a literal reading of the statute leads to an

absurd result, we resort to the use of extratextual factors to determine legislative intent. *Id.* For example, if a statute may be interpreted reasonably in two different ways, a court may consider the consequences of differing interpretations in deciding which interpretation to adopt. *Muniz v. State*, 851 S.W.2d 238, 244 (Tex. Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). If one interpretation yields absurd results while the other interpretation yields no such absurdities, the latter interpretation is preferred. *Id.*

### B. Application of Statute's Literal Language

■ "The starting point in analyzing the meaning of a statute is the language of the statute itself." *Ex parte Evans*, 964 S.W.2d 643, 646 (Tex.Crim.App.1998). Section 49.09(e)(1) indicates that a conviction may not be used for enhancement if "the conviction was a final conviction under Subsection (d)." Subsection (d) provides, "For the purposes of this section, a conviction for an offense under Section 49.04 [*i.e.*, a DWI offense] . . . that occurs on or after September 1, 1994 is a final conviction, whether the sentence for the conviction is imposed or probated." TEX. PENAL CODE ANN. § 49.09(d). Chapter 49 of the Penal Code became effective on September

---

1. Part (b) of this requirement is the so-called "ten-year rule." Under the current statute, applicable to this case, the ten-year period is measured *forward* from the prior conviction at issue using one of four possible dates: the judgment entry date (applicable here), the community supervision discharge date, the parole completion date, or the completion date for service of a term of imprisonment or confinement. For a conviction to be remote through the use of the ten-year rule, two conditions must be met: (1) the current offense occurred after the ten-year period and (2) no intervening convictions were incurred (i.e., the offender was not convicted of additional intoxication-related offenses during the ten-year period). Thus, if ten years lapsed between any two consecutive convictions, the older of the two cannot be used for enhancement. *Id.* § 49.09(e)(2)-(3); *Howard v. State*, 137 S.W.3d 282, 287–88 (Tex.App.-Fort Worth 2004, pet. filed); *Getts v. State*, No. 12–03–00047–CR, 2003 WL 22456104, at *1–2, —— S.W.3d ——, at ——–—— (Tex.App.-Tyler October 29, 2003, pet. granted) (mem.op.); *Anderson v. State*, 110 S.W.3d 98, 99 (Tex. App.-Dallas 2003, no pet.).

1, 1994.[2] Prior to that date, DWI convictions were charged under article 6701*l*–1,[3] including Verhoeven's 1984 conviction. Applying the literal language of subsections (d) and (e)(1), the State concludes that Verhoeven's 1984 conviction charged under article 6701*l*–1 is not final and, therefore, its use for enhancement is not precluded.

■ However, at least two difficulties arise when the State's interpretation of subsection (d) is considered together with the ten-year rule's application to the issue of remoteness found in subsections (e)(2) and (3). *See supra* footnote 1. First, under the State's interpretation, these provisions create a ten-year period during which it is impossible for any prior conviction to satisfy the requirements for exclusion. That is, prior to September 1, 2004, there could be no remote final convictions because section 49.04 was not effective until September 1, 1994, so there could be no instance of a DWI offense being committed ten years after a prior section 49.04 conviction until September 1, 2004. During this period, the exclusionary rule of subsection (e) is rendered wholly ineffective. This literal interpretation is problematic because it is illogical and improper to presume that the legislature intended part of the statute to

be ineffective for ten years. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998); *Flowers v. State*, 815 S.W.2d 724, 728–29 (Tex.Crim.App.1991). Generally, courts are to presume that every word in a statute has been used for a purpose and each word, phrase, clause, and sentence should be given effect if reasonably possible. *State v. Hardy*, 963 S.W.2d 516, 520 (Tex.Crim.App.1997).

The second difficulty with the State's interpretation is that, for offenses committed after September 1, 2004, the provisions have the disparate effect of punishing offenders with *ancient* remote prior convictions more harshly than offenders with recent remote prior convictions. For example, in 2008, a DWI offender with 1995 and 2006 convictions would be charged with misdemeanor DWI (because the 1995 conviction is both final and too remote under the ten-year rule), while someone with prior DWI convictions from the 1930s and 1950s would be charged with a third degree felony (because the convictions are not "final" and both finality and remoteness are required).

The use of convictions more than ten years old does not, in and of itself, constitute an absurd result.[4] It is, however,

**2.** Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696.

**3.** Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77, *repealed by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.

**4.** Both the current and former version of the ten-year rule allow the State to use convictions ten years and older under certain conditions. This older conviction could be "revived," under the former rule, if a second DWI was committed within ten years of the primary offense. The current law allows use of a ten-year or older conviction if it is not separated by ten years from another DWI conviction. Based on this, the State asserts

that the overall historical scheme demonstrates that the use of former article 6701*l*–1 convictions were not subject to time limitation. Yet, in cases where revival did not apply, the former scheme provided a mechanism to prohibit use of prior article 6701*l*–1 convictions based on their age, i.e., more than ten years old. The State's interpretation of the current DWI enhancement scheme would provide no mechanism for exclusion of any article 6701*l*–1 prior conviction. Such an interpretation is a marked departure from the historic scheme, and the State has not demonstrated the legislature's intent to do so. The existence of the revival doctrine, under the former scheme, and the intervening conviction doctrine, under the current scheme, are, in fact, not evidence of a legislative purpose

absurd to treat some offenders with remote prior convictions differently than others, particularly where *ancient* prior convictions are used for enhancement and recent remote prior convictions are not. The Texas Court of Criminal Appeals has reasoned that disparate treatment of offenders under an enhancement statute can lead to an absurd result. *See Griffith,* 116 S.W.3d at 785. In *Griffith,* the State sought to use the defendant's prior conviction to enhance punishment under section 12.41(c)(2) of the Penal Code, the punishment provisions for repeat sexual offenders. TEX. PENAL CODE ANN. § 12.42(c)(2) (Vernon Supp.2004–05). The defendant's prior offenses were committed in Texas and charged under predecessor statutes not enumerated in the current statute. The court recognized that the current statute's literal language would lead to disparate treatment of repeat sex offenders in that prior out-of-state convictions for substantially similar offenses could be used for enhancement while convictions for substantially similar offenses committed under prior Texas law could not. *Griffith,* 116 S.W.3d at 785. Concluding that disparate treatment of sex offenders was an absurd result that the legislature could not have intended, the court held that prior convictions for substantially similar offenses could be used for enhancement regardless of whether they were committed out-of-state or in Texas. *See id.* at 786. A disparate treatment consequence akin to that found in *Griffith* exists under the State's interpretation of subsection (d) of section 49.09. DWI offenders with remote prior convictions that occurred post–1994 would be free from jurisdictional enhancement, while offenders with *ancient* prior convictions would not.

This is an absurd result that the legislature could not possibly have intended.

 Because a literal application of subsection (d) rendered subsection (e)(1) superfluous until September 2004 and also results in disparate treatment of offenders with prior convictions, we conclude that a literal application of subsection (d) leads to absurd consequences. Where application of a statute's plain language would lead to absurd consequences that the legislature could not possibly have intended, the language should not be applied literally. *Boykin,* 818 S.W.2d at 785. This is a narrow exception to the plain meaning rule and does not intrude on the lawmaking powers of the legislative branch but rather demonstrates respect for that branch, which we assume would not act in an absurd way. *See id.*

Where the plain language of a statute leads to absurd results, it is constitutionally permissible for a court to consider extratextual factors in arriving at a sensible interpretation of the statute. *Id.* In that regard, we first note that the Texas Court of Criminal Appeals has examined the implications of subsection (d) in the larger context of section 49.09. *See Ex parte Serrato,* 3 S.W.3d 41, 42 (Tex.Crim.App. 1999). In *Serrato,* the question was whether the legislature intended to allow the State's use of probated DWI convictions which occurred before the enactment of section 49.09 for the purpose of enhancement under the newer provision. *Id.* The court answered in the affirmative, holding that the statute clearly resolved the issue. *Id.* at 42–43. The court did not reason that convictions under prior law could be used because they were not excluded by subsection (e), as is the State's argument here. Rather, the court found

to categorically exempt article 6701*l*–1 convictions from time limitation. Rather, these doctrines appear to be consistent with the

legislature's desire to encourage rehabilitation by dealing sternly with recent recidivism.

that the new provisions expressly incorporate prior law. *Id.* at 43.

> [The] Applicant was convicted of driving while intoxicated.... The relevant penalty enhancement provision provides: "If it is shown on the trial of an offense under Section 49.04 ... that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated ... the offense is a felony of the third degree." Article 49.09(c) specifically defines the term "offense relating to the operating of a motor vehicle" to include "an offense under Art[icle] 6701l–1 Revised Statutes, *as that law existed before September 1, 1994.*" And the former DWI law to which the statute refers stated: "For purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated."

*Id.* at 42–43 (citations omitted).

The Texas Court of Criminal Appeals concluded that the legislature had a "specific intent to keep the law the same as its previous incarnation" and noted that subsection (d) was enacted to state that probated convictions under the new statute are, like probated convictions under the old statute, considered final convictions. *Serrato,* 3 S.W.3d at 43.[B]y incorporating the prior DWI statute, as that law existed before enactment of the new statute, the legislature declared its intent to continue the status quo, which included permitting probated DWI convictions for enhancement if the offense occurred after January 1, 1984. *Id.*

The principle underlying *Serrato* is that convictions that were final under prior law are also final under the new provisions. Applied to the facts of *Serrato,* the result was that the State was permitted to use the defendant's 1990 and 1993 convictions.[5] *Id.* Recently, the Tyler Court of Appeals relied on *Serrato* in a case where the defendant's prior conviction was barred by an application of the current ten-year rule. *Getts,* 2003 WL 22456104, at *2, at ——. The court concluded that a 1984 conviction is a final conviction and, when it is also barred by an application of the ten-year rule, it cannot be used by the State for enhancement purposes. *Id.* at *3, at ——.

Without citing *Serrato,* the Amarillo Court of Appeals recently applied prior article 6701/–1(h) to determine whether a 1984 conviction was final. *Nixon v. State,* No. 07–03–0072–CR, 2004 WL 757970, 153 S.W.3d 550, at 552 (Tex.App.-Amarillo Apr.8, 2004, pet. ref'd). There, the appellant was indicted in January 2002 for DWI. Prior DWI convictions occurred in 1995 and January 1984. The 1984 conviction was based on an offense committed in September 1983, charged under article 6701/–1, and probated. The court summarily applied article 6701/–1(h), the law in effect at the time of the offense. Subsec-

**5.** Seratto's offense was committed on December 2, 1994 and was enhanced by two 1993 convictions and a 1991 conviction. *Id.* Unlike the present case, State use of his prior convictions was not barred by an application of the ten-year rule.

Seratto's prior convictions were subject to the pre–2000 ten-year rule. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.10, 1993 Tex. Gen. Laws 3586, 3696, *repealed by* Act of May 30, 1999, 76th Leg., R.S., ch. 1364, § 12 sec. 49.09(d), 1999 Tex. Gen. Laws 4606, 4610 (effective January 1, 2000). While the current ten-year rule is forward-looking from a prior conviction, the pre–2000 rule was backward-looking from the instant offense. So long as one prior conviction occurred within the ten-year period antecedent to the current offense, the second prior offense could be a remote prior conviction revived for enhancement use. *Howard,* 137 S.W.3d at 287; *Getts,* 2003 WL 22456104, at *2, at ——; *Anderson,* 110 S.W.3d at 99.

tion (h) reads, "[A] conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated." [6] The court employed rules of construction to conclude that, for a probated offense to be final, the offense itself must occur on or after January 1, 1984. *Id.* at 552–53.

The Dallas and Eastland Courts of Appeals have also found that convictions are final so long as they occurred on or after January 1, 1984 and a sentence was imposed or probated. *See Williamson v. State,* 46 S.W.3d 463, 466–67 (Tex.App.-Dallas 2001, no pet.); *Rizo v. State,* 963 S.W.2d 137, 139 (Tex.App.-Eastland 1998, no pet.).

Under the rationale of *Serrato* and its progeny, Verhoeven's 1984 conviction is a final conviction because section 49.09 incorporates article 6701*l*–1, the DWI law prior to September 1, 1994, in its entirety. Under the former article, a conviction is final if the offense occurred on or after January 1, 1984. Under *Nixon,* the law in effect at the time of the offense controls the finality of the conviction. We are aware of no courts that have held that conviction for an offense occurring on or after January 1, 1984 where the sentence was imposed or probated is not a final conviction. Accordingly, Verhoeven's November 30, 1984 conviction is excluded from enhancement use because it is both final and unavailable for use under the ten-year rule.

Even if the current DWI enhancement statute did not expressly incorporate the provisions of article 6701*l*–1, we find authority under *Griffith* and *Boykin* to effect legislative intent in cases where the literal words of the statute do not. *See Griffith,* 116 S.W.3d at 785; *Boykin,* 818 S.W.2d at

785. We hold that Verhoeven's 1984 conviction is a final conviction under section 49.09(e)(1) and satisfies each requirement for remoteness under section 49.09(e)(2) and (e)(3). Therefore, Verhoeven's 1984 conviction cannot be used to enhance his misdemeanor DWI offense to a felony. We overrule the State's sole point.

## IV. CONCLUSION

Having overruled the State's sole point on appeal, we affirm the judgment of the trial court.

---

**6.** Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, art. 6701*l*–1(h), 1983 Tex. Gen. Laws 1568, 1576, *repealed by* Act of May 29,

1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.