Affirmed and Memorandum Opinion filed July 27, 2006









Affirmed and Memorandum Opinion
filed July 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01111-CR

_______________

 

CHRISTOPHER BELLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 02CR1736

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

 

 class=Section2>

            Appellant
Christopher Belle appeals a conviction for felony driving while intoxicated
(DWI) on the grounds that: (1) one of the convictions used to increase the
offense to a felony was not final; and (2) the court’s instruction to the jury
that it “may consider the defendant’s refusal to submit to a breath test as
evidence in this case” is an improper comment on the weight of the evidence. 
We affirm.




 








I.  Factual and Procedural Background

            On July 4,
2002, appellant failed to stop at a traffic light and caused an accident.  When
a police officer investigated the accident, he observed appellant’s speech was
slurred, and he detected an odor of alcohol emanating from appellant.  The
officer requested that appellant perform several field sobriety tests.  After
appellant’s performance of those tests, the officer formed the opinion that
appellant was intoxicated, and transported him to the police station.  At the
police station, appellant refused to give a sample of his breath.  Because the
offense was appellant’s third DWI, he was indicted for, and convicted of,
felony DWI.

II.  Analysis

A.        Felony Driving While Intoxicated

            In his first
issue, appellant contends the State did not prove appellant was guilty of
felony DWI because one of the prior convictions used to elevate the offense to
a felony was not final.  Specifically, appellant contends State’s Exhibit 5 did
not show proof of a final conviction.  State’s Exhibits 4 and 5 reflect that on
September 19, 1995, appellant entered a plea of nolo contendere to the offense
of misdemeanor DWI.  The trial court sentenced appellant to six months in jail,
but suspended the sentence and placed appellant on probation for twelve
months.  Appellant argues that because he was placed on probation, the
conviction is not final and cannot be used to elevate the instant case to
felony DWI.

            Ordinarily, a
prior conviction is not final for enhancement purposes if the defendant
received probation or community supervision that was never revoked.  See Tex. Penal Code Ann. § 12.42 (Vernon
Supp. 2005); see also Jordan v. State, 36 S.W.3d 871, 875 (Tex. Crim.
App. 2001).  However, the DWI statute defines a final conviction differently. 
Section 49.09(b) of the Penal Code provides that a defendant commits felony DWI
if he commits a DWI offense and “has previously been convicted two times of any
other offense relating to the operating of a motor vehicle while intoxicated.” 
Tex. Penal Code Ann. § 49.09(b) (Vernon Supp. 2005).  For the purposes of felony DWI, a prior DWI conviction for an offense
that occurs on or after September 1, 1994, is a final conviction whether the
sentence for the conviction is imposed or probated.  Tex. Penal Code Ann. § 49.09(d) (Vernon Supp. 2005).

            Appellant
argues the State did not prove that the conviction on September 19, 1995, in
Cause No. 153998, was a final conviction for the purposes of section 49.09
because appellant was placed on probation for that offense.  In this case,
State’s Exhibit 4 contains a final judgment of conviction in Cause No. 153988. 
That judgment reflects that appellant was found guilty of misdemeanor DWI, and
sentenced to six months in jail and a $600 fine.  The exhibit also contains an
order suspending appellant’s sentence and granting him probation for twelve
months.  Under section 49.09(b), State’s Exhibits 4 and 5 reflect a final
conviction for purposes of a subsequent DWI prosecution.  See Ex parte
Serrato, 3 S.W.3d 41, 43 (Tex. Crim. App. 1999) (holding that a probated
conviction could be used to elevate DWI to a felony). 

            Appellant
also relies on the docket sheet in Cause No. 153988, which contains the
following stamped entry: “This cause dismissed though period of probation not
having been satisfactorily completed.  Judge County Court No. 2[.]”  Although
appellant implies that the docket entry establishes that Cause No. 153988 did
not result in a final conviction, we cannot give the docket entry the
dispositive effect appellant suggests.  As has long been recognized, docket
sheet entries are inherently unreliable, and do not become part of the record
in the cases they describe.  See State v. Shaw, 4 S.W.3d
875, 878 (Tex. App.—Dallas 1999, no pet.) (“Docket sheet entries are not part
of the record because they are inherently unreliable, lacking the formality of
orders and judgments.”).  It does not constitute a signed, written order, nor
is it a final judgment.  See In re K.M.B., 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (explaining that a docket-sheet entry does
not constitute a signed, written order); Espeche v. Ritzell, 123
S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (“The docket
sheet entry may not stand as an order.”).  It “may supply facts in certain
situations, but it cannot be used to contradict or prevail over a final
judicial order.”.  

 class=Section4>

Hernandez v. State, 84 S.W.3d 26, 32 n.3 (Tex.
App.—Texarkana 2002, pet. ref’d) (quoting N-S-W Corp. v. Snell, 561
S.W.2d 798, 799 (Tex. 1977)).  

            We hold the
evidence of appellant’s prior final DWI convictions is sufficient to support
elevation of the charged offense to a felony DWI.  Appellant points to no
credible evidence purporting to vacate or reverse the prior convictions.

            Accordingly,
appellant’s first issue is overruled.

B.        Jury Charge Instruction

            In his second
issue, appellant contends the trial court improperly commented on the weight of
the evidence by giving the following instruction in the jury charge: “You are
instructed that you may consider the defendant’s refusal to submit to a breath
test as evidence in this case.”  Appellant argues the trial court commented on
the weight of the evidence by singling out the testimony of appellant’s refusal
to submit to a breath test.  

            The trial
court must submit a charge that sets forth the law applicable to the case
without expressing any opinion as to the weight of the evidence.  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005).  A charge that assumes the truth of a controverted issue is a comment
on the weight of the evidence.  Whaley v. State, 717 S.W.2d 26, 32 (Tex.
Crim. App. 1986) (en banc).  A jury instruction that identifies evidence
requiring special consideration under the law, and that sets out the law
governing such consideration, does not violate the prohibition against judicial
comment, so long as it does not intimate that the jury should resolve any fact
question in a certain way or that any of the evidence bearing upon such a fact
question should be given greater weight or credibility than other evidence
bearing on the same question.  Atkinson v. State, 923 S.W.2d 21, 25
(Tex. Crim. App. 1996) (en banc), overruled on other grounds by Motilla
v. State, 78 S.W.3d 352 (Tex. Crim. App. 2002).

            The court’s
instruction in this case is a correct statement of the law.  See Tex. Transp. Code Ann. § 724.061 (Vernon 1999); Finley v. State, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.]
1991, pet. ref’d).  The instruction in this case was neutral in that it did not
direct the jury to draw any particular inference from the fact that appellant
refused the breath test.  The trial court merely instructed the jury it could
consider appellant’s refusal as evidence.  By not requiring any particular
inference to be drawn, the instruction does not assume the truth of the
controverted issue and is not a comment on the weight of the evidence.  See
Atkinson v. State, 923 S.W.2d at 25 (holding that a similar jury
instruction was presented without suggesting to the jury how it should be
resolved).  Appellant’s second issue is overruled.

            Accordingly,
the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Eva
M. Guzman

                                                                                    Justice

 

 

Judgment rendered and Opinion filed
July 27, 2006.

Panel consists of Justices Hedges,
Yates, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).