IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,597-01






EX PARTE RONNIE LYNN CARNES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR25969 IN THE 238TH DISTRICT COURT


FROM MIDLAND COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated, third offense and, following the revocation of probation, he was sentenced to two (2)
years' imprisonment. He did not appeal his conviction. 

 Applicant contends that he received ineffective assistance of counsel resulting in an
involuntary plea of guilty because counsel failed to investigate the availability of the prior driving
while intoxicated offenses alleged for enhancement. Specifically, Applicant contends that if counsel
had investigated, he would have ascertained that these offenses were not available for enhancement
of the primary offense, and if counsel had made a proper objection, then Applicant would not have
been convicted of a felony offense.

 The trial court has made findings, based on the dates of conviction, that Applicant's 1993
conviction in Kimble County and his 1984 conviction in Ector County were legally available for use
to enhance the primary offense committed on February 16, 2000, and so counsel was not ineffective
for failing to challenge the use of these convictions. However, the dates the prior offenses were
committed were the operative dates for determining the availability of the prior convictions for
enhancement. See Ex parte Serrato, 3 S.W.3d 41 (Tex. Crim. App. 1999). Thus, Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 The trial court shall supplement the habeas record with copies of all documents upon which
its findings are based, including copies of the judgments from the prior convictions, affidavits from
counsel, and any other relevant documents.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Delivered: October 4, 2006


Do Not Publish