IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,360-02






EX PARTE RICKEY TERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-0390-06-A IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and
sentenced to thirty-five (35) years' imprisonment. The Twelfth Court of Appeals dismissed his appeal.
Terry v. State, No. 12-06-00241-CR (Tex. App- Tyler, 2006, no pet.).

 Applicant alleges inter alia that he has been illegally sentenced because his prior DWI convictions
were not final convictions and, thus, could not be used to enhance his conviction to a felony. Also, he
alleges that his trial counsel rendered ineffective assistance because counsel failed to investigate the prior
convictions alleged and used for enhancement. He also alleges that counsel rendered ineffective assistance
because he advised Applicant to plead guilty to a conviction which was illegally enhanced. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). This Court has held
that a probated DWI conviction which occurred after January 1, 1984, but prior to September 1, 1994,
may be properly used to enhance a sentence. See Ex parte Serrato, 3 S.W.3d 41 (Tex. Crim. App.
1999). The indictment shows that two of Applicant's prior DWI convictions, cause nos. 51.429 and
49.002, occurred on October 15, 1982, and that these convictions were used to enhance the instant
conviction to a felony. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall supplement the record with copies of the judgments in cause nos.
51.429 and 49.002. Also, the trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether cause nos. 51.429 and cause nos. 49.002
have become final convictions and, if so, as to the date these convictions became final. The trial court shall
also make findings of fact as to whether counsel investigated the prior convictions which were used to
enhance Applicant's conviction to a felony. The trial court shall also make findings of fact as to whether
counsel advised Applicant to plead guilty and, if so, why counsel advised Applicant to plead guilty. The
trial court shall also make findings of fact as the performance of Applicant's trial attorney was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 22, 2007

Do not publish