# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00234-CR

---

Raymond Kirk Butler,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
249th District Court of Somervell County, Texas
Judge Tiffany Strother, presiding
Trial Court Cause No. 23-213-DCCR-00021

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Raymond Kirk Butler appeals his conviction for felony driving while intoxicated. After a trial before the court, the trial court sentenced Butler to twenty-five years of confinement in the Texas Department of Criminal Justice—Institutional Division. In his sole issue, Butler asserts the evidence is insufficient to sustain a conviction for felony driving while intoxicated. We affirm.

## SUFFICIENCY OF THE EVIDENCE

Butler contends the evidence is insufficient to support a conviction for felony driving while intoxicated. Specifically, he asserts the State failed to prove he was convicted of driving while intoxicated on June 25, 1987 in Hood County, cause number 16537, as alleged in DWI enhancement paragraph one of the indictment. Butler argues there is no evidence of a judgment or functional equivalent of a judgment in the 1987 case.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony, we defer to those determinations. *Brooks*, 323 S.W.3d at 899.

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a). An offense under Section 49.04 is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. *Id.* § 49.09(b)(2). This includes an offense under Article 6701l-1, Revised Statutes,

as that law existed before September 1, 1994. *Id.* 49.09(c)(1)(C). For a DWI offense that occurred between January 1, 1984 and September 1, 1994, "a conviction . . . is a final conviction, whether or not the sentence for the conviction is probated." *Ex parte Serrato*, 3 S.W.3d 41, 42-43 (Tex. Crim. App. 1999) (per curiam).

The State offered as evidence an "Order Granting Misdemeanor Probation" in cause number 16537 in Hood County, dated June 25, 1987. The order states that the court found the evidence substantiates Butler's guilt of the offense of driving while intoxicated but placed Butler on probation for twenty-four months. Probated convictions are considered final convictions under Section 49.09. *Id.* at 43. Accordingly, the evidence is sufficient to prove Butler was convicted of the offense of driving while intoxicated in Hood County on June 25, 1987 as alleged in DWI enhancement paragraph one of the indictment. We overrule Butler's sole issue.

We affirm the trial court's judgment.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  August 7, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
Do not publish
CRPM

