**Bobby Doyle GETTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–03–00047–CR.

Court of Appeals of Texas, Tyler.

Oct. 29, 2003.

Rehearing Overruled Dec. 16, 2003.

Discretionary Review Granted May 5, 2004.

Bobby Doyle Getts, pro se.

Nancy P. Perkins, for appellant.

Donna R. Bennett, for State.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

### *MEMORANDUM OPINION*

DIANE DeVASTO, Justice.

Bobby Doyle Getts ("Appellant") pleaded guilty to felony driving while intoxicated ("DWI") and was sentenced to three years of confinement. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969). Appellant also filed a brief *pro se*, contending that the trial court erred in overruling his motion to dismiss the indictment and his motion to quash because one of the convictions the State used to enhance the DWI

charge from a misdemeanor to a felony was stale. We reverse, order the entry of a reformed judgment, and remand for further proceedings.

## BACKGROUND

On May 23, 2002, Appellant was indicted for felony DWI. Included in the indictment were allegations that Appellant had two prior convictions for DWI. The first conviction was dated April 26, 1984, and the second conviction was dated September 11, 1997.

Prior to pleading guilty, Appellant filed a motion to dismiss and a motion to quash the indictment, arguing that the 1984 conviction for DWI could not confer felony jurisdiction on the trial court because it occurred more than ten years prior to the commission of the 2002 DWI offense.[1] The trial court overruled both motions.

On January 10, 2003, Appellant pleaded guilty to third-degree felony DWI and was sentenced to three years of imprisonment. On appeal, Appellant contends in his *pro se* brief that the indictment was defective in that it alleges an offense that cannot be considered for felony enhancement purposes because it occurred more than ten years prior to the date he committed the offense of DWI in 2002.[2] We agree.

## REMOTENESS OF THE 1984 DWI CONVICTION

■ The trial court's ruling on a motion to dismiss a charging instrument is subject to an abuse of discretion standard of review. *Williams v. State,* 464 S.W.2d 842, 844–45 (Tex.Crim.App.1971); *State v. Her-*

*nandez,* 830 S.W.2d 631, 635 (Tex.App.-San Antonio 1992, no pet.). To establish an abuse of discretion, the appealing party must show that the trial court's ruling lies outside the "zone of reasonable disagreement." *DuBose v. State,* 915 S.W.2d 493, 496–97 (Tex.Crim.App.1996).

The offense of DWI is a misdemeanor unless it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. TEX. PEN.CODE ANN. § 49.09(b) (Vernon 2003). A conviction may not be used for purposes of enhancing the offense of DWI from a misdemeanor to a felony if:

1) the conviction was a final conviction under Subsection (d);

2) the offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or

---

**1.** The issue concerning the remoteness of the 1984 conviction was raised in both the motion to dismiss and the motion to quash the indictment. The trial court also granted Appellant the right to appeal. Appellant's notice of appeal stated that the issue being appealed was raised by written motion and ruled on by the trial court; therefore, the notice complies

with rule 25.2(b) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(b).

**2.** The State filed a document entitled, "State's Waiver of Opportunity to Respond to Appellant's Anders Brief" and did not address any of Appellant's arguments set forth in his *pro se* brief.

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

3) the person has not been convicted of an offense under Section 49.04, 49.05, 39.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

TEX. PEN.CODE ANN. § 49.09(e).

■ Appellant's 1984 conviction for DWI meets each of the requirements for remoteness because 1) the conviction was a final conviction, 2) the 2002 DWI offense was committed more than ten years after the 1984 date of conviction for DWI, and 3) the 1997 DWI conviction did not occur within ten years of the 1984 DWI conviction. The trial court did not properly apply section 49.09(e) to the facts of Appellant's case; therefore, his decisions to overrule Appellant's motion to dismiss and motion to quash the indictment lie outside the zone of reasonable disagreement.[3]

If Appellant had committed the 2002 DWI offense before September 1, 2001, we would reach a different result. Prior to September 1, 2001, section 49.09(e) read as follows:

(e) a conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.

TEX. PEN.CODE ANN. § 49.09(e) (applies to intoxication-related offenses committed before September 1, 2001). Under the prior version of section 49.09(e), the trial court's overruling of the motion to dismiss and motion to quash the indictment would have been correct because 1) the 1984 conviction was committed more than ten years before the 2002 DWI offense, and 2) Appellant had been convicted of a DWI in 1997, which was within ten years before Appellant committed the 2002 DWI. The difference between the two versions lies in the final paragraphs. Under the earlier version of section 49.09(e), the ten-year period for an intervening conviction is counted back from the date on which the offense for which the person being tried was committed. Under the current version of section 49.09(e), the ten-year period for an intervening conviction is counted forward from one of three dates related to the conviction alleged to be too remote for enhancement purposes.

To further illustrate this distinction, the court of criminal appeals has stated that the earlier version of section 49.09(e) meant that a prior intoxication-related conviction may not be used as an element of the offense of felony DWI if that prior DWI offense occurred more than ten years after the 1984 conviction and there was no intervening intoxication-related conviction. Nevertheless, the remoteness argument was raised in the trial court and was subsequently overruled. *See* TEX.R.APP. P. 25.2(b).

---

**3.** Appellant's presentation of the argument that the 1984 DWI conviction was too remote because that conviction occurred ten years prior to the 2002 offense is incomplete. The correct statement of the issue is that the 1984 conviction was too remote because the 2002

offense was committed more than ten years before the instant offense, *unless there is an intervening intoxication-related conviction. Weaver v. State*, 87 S.W.3d 557, 561 (Tex.Crim.App.2002) (emphasis added).

Because the indictment alleged a conviction that could not be used for purposes of enhancement to a felony, it only alleged misdemeanor DWI. *See Mitchell v. State*, 821 S.W.2d 420, 423 (Tex.App.Austin 1991, pet. ref'd). Therefore, the district court did not acquire jurisdiction of this offense, and was required by law to transfer the cause to a court having misdemeanor jurisdiction. *See* TEX.CODE CRIM. PROC. ANN. arts. 4.05, 21.26 (Vernon 2003). Therefore, Appellant's sole issue is sustained.

### CONCLUSION

The conviction used to enhance Appellant's 2002 DWI offense from a misdemeanor to a felony was improper because the conviction satisfied the statutory requirements applicable to remote convictions. Accordingly, we *reverse* the judgment of the trial court and order that a reformed judgment of conviction be entered for a misdemeanor class B offense. *See Renshaw v. State*, 981 S.W.2d 464 (Tex.App.-Texarkana 1998, pet. ref'd). We also *remand* this case to the trial court for the appropriate assessment of punishment and sentencing. *Id.*

The trial court's jurisdiction was not addressed in the *Anders* brief; therefore, Appellant's counsel's motion to withdraw in this case is *granted* and the trial court should appoint new counsel for Appellant. *See Guerrero v. State*, 64 S.W.3d 436, 441 (Tex.App.-Waco 2001, no pet.) ("The Court of Appeals' determination that arguable issues were presented by the record

... created a constitutional imperative that [new] counsel be appointed.").