COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-234-CR
 
 
THE 
STATE OF TEXAS                                                                  STATE
 
V.
 
PATRICK 
WAYNE VERHOEVEN                                                  APPELLEE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        In 
a single point, the State of Texas challenges the trial court’s grant of 
appellee Patrick Wayne Verhoeven’s (“Verhoeven”) motion to quash the 
jurisdictional enhancement count of his felony driving while intoxicated 
(“DWI”) indictment.  The State complains that the trial court erred in 
granting the motion based on the finding that Verhoeven’s 1984 DWI conviction 
did not qualify for enhancement use under section 49.09. Tex. Penal Code Ann. § 49.09 (Vernon 
Supp. 2004-05).  We affirm.
II. Factual and 
Procedural Background
        Verhoeven 
was indicted for DWI, allegedly committed on June 28, 2002 and jurisdictionally 
enhanced to a felony by two prior DWI convictions, dated November 30, 1984 and 
May 27, 1998.  Verhoeven filed a motion to quash the indictment, contending 
that his November 30, 1984 DWI conviction could not be used for enhancement 
purposes because it was time-barred by an application of the “ten-year rule” 
pursuant to section 49.09(e).  The trial court granted Verhoeven’s 
motion, resulting in this appeal.
III. State’s 
Right to Use 1984 Conviction
        In 
its sole point, the State complains that the trial court erred in basing its 
decision to grant Verhoeven’s motion to quash the indictment on a finding that 
Verhoeven’s 1984 conviction did not qualify for use in the enhancement 
paragraph of the indictment.  The State contends that the DWI enhancement 
statute does not prohibit the State from using Verhoeven’s 1984 conviction.
        DWI 
is normally a misdemeanor offense.  Tex. 
Penal Code Ann. § 49.04 (Vernon 2003). However, when the driver has two 
prior DWI convictions the offense may be jurisdictionally “enhanced” to a 
felony. Id. § 49.09(b).  A prior conviction cannot be used for 
enhancement if it satisfies certain statutory requirements found in section 
49.09(e).  The State argues that Verhoeven’s 1984 conviction is properly 
included in the enhancement count of Verhoeven’s indictment because the prior 
conviction fails to meet one of the conjunctive requirements of that section.  
Specifically, the statute provides that a prior conviction cannot be used for 
enhancement if it is (1) a final conviction under section 49.09(d), and (2) a 
remote prior conviction, which is a conviction (a) more than ten years old and 
(b) separated by ten years from any other DWI conviction.[1]  
Id. § 49.09(e).  As the remoteness requirement is not an issue 
raised by the State, we examine the first of the conjunctive requirements 
regarding a final conviction. Section 49.09(d) provides that a final conviction 
is “a conviction for an offense under [Chapter 49 of the Penal Code] that 
occurs on or after September 1, 1994 . . . whether the sentence for the 
conviction is imposed or probated.” Id. § 49.09(d).  The State 
avers that, under a literal reading of the statute, Verhoeven’s 1984 
conviction is not final because it was neither charged under Chapter 49, which 
became effective September 1, 1994, nor did it occur on or after that date.  
Therefore, it cannot be excluded from the enhancement count of his indictment 
because it is not “final.”
A. Standard of 
Review
        When 
interpreting a statute, we attempt to effect the intent of the legislature.  
Griffith v. State, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003) (citing Boykin 
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). This requires 
interpreting an unambiguous statute literally, unless doing so would lead to an 
absurd result. Id. If a literal reading of the statute leads to an absurd 
result, we resort to the use of extratextual factors to determine legislative 
intent.  Id.  For example, if a statute may be interpreted 
reasonably in two different ways, a court may consider the consequences of 
differing interpretations in deciding which interpretation to adopt.  Muniz 
v. State, 851 S.W.2d 238, 244 (Tex. Crim. App.), cert. denied, 510 
U.S. 837 (1993).  If one interpretation yields absurd results while the 
other interpretation yields no such absurdities, the latter interpretation is 
preferred.  Id.
B. Application 
of Statute’s Literal Language
        “The 
starting point in analyzing the meaning of a statute is the language of the 
statute itself.”  Ex parte Evans, 964 S.W.2d 643, 646 (Tex. Crim. 
App. 1998).  Section 49.09(e)(1) indicates that a conviction may not be 
used for enhancement if “the conviction was a final conviction under 
Subsection (d).”  Subsection (d) provides, “For the purposes of this 
section, a conviction for an offense under Section 49.04 [i.e., a DWI 
offense] . . . that occurs on or after September 1, 1994 is a final conviction, 
whether the sentence for the conviction is imposed or probated.” Tex. Penal Code Ann. § 49.09(d). 
Chapter 49 of the Penal Code became effective on September 1, 1994.[2]  Prior to that date, DWI convictions were charged 
under article 6701l-1,[3] including 
Verhoeven’s 1984 conviction.  Applying the literal language of 
subsections (d) and (e)(1), the State concludes that Verhoeven’s 1984 
conviction charged under article 6701l-1 is not final and, therefore, its 
use for enhancement is not precluded.
        However, 
at least two difficulties arise when the State’s interpretation of subsection 
(d) is considered together with the ten-year rule’s application to the issue 
of remoteness found in subsections (e)(2) and (3). See supra 
footnote 1.  First, under the State’s interpretation, these provisions 
create a ten-year period during which it is impossible for any prior conviction 
to satisfy the requirements for exclusion.  That is, prior to September 1, 
2004, there could be no remote final convictions because section 49.04 was not 
effective until September 1, 1994, so there could be no instance of a DWI 
offense being committed ten years after a prior section 49.04 conviction until 
September 1, 2004.  During this period, the exclusionary rule of subsection 
(e) is rendered wholly ineffective.  This literal interpretation is 
problematic because it is illogical and improper to presume that the legislature 
intended part of the statute to be ineffective for ten years.  See Tex. Gov’t Code Ann. § 311.021(2) 
(Vernon 1998); Flowers v. State, 815 S.W.2d 724, 728-29 (Tex. Crim. App. 
1991).  Generally, courts are to presume that every word in a statute has 
been used for a purpose and each word, phrase, clause, and sentence should be 
given effect if reasonably possible.  State v. Hardy, 963 S.W.2d 
516, 520 (Tex. Crim. App. 1997).
        The 
second difficulty with the State’s interpretation is that, for offenses 
committed after September 1, 2004, the provisions have the disparate effect of 
punishing offenders with ancient remote prior convictions more harshly 
than offenders with recent remote prior convictions.  For example, in 2008, 
a DWI offender with 1995 and 2006 convictions would be charged with misdemeanor 
DWI (because the 1995 conviction is both final and too remote under the ten-year 
rule), while someone with prior DWI convictions from the 1930s and 1950s would 
be charged with a third degree felony (because the convictions are not 
“final” and both finality and remoteness are required).
        The 
use of convictions more than ten years old does not, in and of itself, 
constitute an absurd result.[4]  It is, however, 
absurd to treat some offenders with remote prior convictions differently than 
others, particularly where ancient prior convictions are used for 
enhancement and recent remote prior convictions are not.  The Texas Court 
of Criminal Appeals has reasoned that disparate treatment of offenders under an 
enhancement statute can lead to an absurd result.  See Griffith, 
116 S.W.3d at 785. In Griffith, the State sought to use the defendant’s 
prior conviction to enhance punishment under section 12.41(c)(2) of the Penal 
Code, the punishment provisions for repeat sexual offenders.  Tex. Penal Code Ann. § 12.42(c)(2) 
(Vernon Supp. 2004-05).  The defendant’s prior offenses were committed in 
Texas and charged under predecessor statutes not enumerated in the current 
statute.  The court recognized that the current statute’s literal 
language would lead to disparate treatment of repeat sex offenders in that prior 
out-of-state convictions for substantially similar offenses could be used for 
enhancement while convictions for substantially similar offenses committed under 
prior Texas law could not.  Griffith, 116 S.W.3d at 785.  
Concluding that disparate treatment of sex offenders was an absurd result that 
the legislature could not have intended, the court held that prior convictions 
for substantially similar offenses could be used for enhancement regardless of 
whether they were committed out-of-state or in Texas.  See id. at 
786.  A disparate treatment consequence akin to that found in Griffith 
exists under the State’s interpretation of subsection (d) of section 49.09.  
DWI offenders with remote prior convictions that occurred post-1994 would be 
free from jurisdictional enhancement, while offenders with ancient prior 
convictions would not.  This is an absurd result that the legislature could 
not possibly have intended.
        Because 
a literal application of subsection (d) rendered subsection (e)(1) superfluous 
until September 2004 and also results in disparate treatment of offenders with 
prior convictions, we conclude that a literal application of subsection (d) 
leads to absurd consequences.  Where application of a statute’s plain 
language would lead to absurd consequences that the legislature could not 
possibly have intended, the language should not be applied literally.  Boykin, 
818 S.W.2d at 785.  This is a narrow exception to the plain meaning rule 
and does not intrude on the lawmaking powers of the legislative branch but 
rather demonstrates respect for that branch, which we assume would not act in an 
absurd way.  See id.
        Where 
the plain language of a statute leads to absurd results, it is constitutionally 
permissible for a court to consider extratextual factors in arriving at a 
sensible interpretation of the statute.  Id.  In that regard, 
we first note that the Texas Court of Criminal Appeals has examined the 
implications of subsection (d) in the larger context of section 49.09.  See 
Ex parte Serrato, 3 S.W.3d 41, 42 (Tex. Crim. App. 1999).  In Serrato, 
the question was whether the legislature intended to allow the State’s use of 
probated DWI convictions which occurred before the enactment of section 49.09 
for the purpose of enhancement under the newer provision.  Id.  
The court answered in the affirmative, holding that the statute clearly resolved 
the issue.  Id. at 42-43.  The court did not reason that 
convictions under prior law could be used because they were not excluded by 
subsection (e), as is the State’s argument here.  Rather, the court found 
that the new provisions expressly incorporate prior law.  Id. at 43.
 
[The] Applicant was convicted of driving while intoxicated . . . . The relevant 
penalty enhancement provision provides:  “If it is shown on the trial of 
an offense under Section 49.04 . . . that the person has previously been 
convicted two times of an offense relating to the operating of a motor vehicle 
while intoxicated . . . the offense is a felony of the third degree.”  
Article 49.09(c) specifically defines the term “offense relating to the 
operating of a motor vehicle” to include “an offense under Art[icle] 6701l-1 
Revised Statutes, as that law existed before September 1, 1994.”  
And the former DWI law to which the statute refers stated:  “For purposes 
of this article, a conviction for an offense that occurs on or after January 1, 
1984, is a final conviction, whether or not the sentence for the conviction is 
probated.”
 
 
Id. 
at 42-43 (citations omitted).
        The 
Texas Court of Criminal Appeals concluded that the legislature had a “specific 
intent to keep the law the same as its previous incarnation” and noted that 
subsection (d) was enacted to state that probated convictions under the new 
statute are, like probated convictions under the old statute, considered final 
convictions.  Serrato, 3 S.W.3d at 43.  [B]y incorporating the 
prior DWI statute, as that law existed before enactment of the new statute, the 
legislature declared its intent to continue the status quo, which included 
permitting probated DWI convictions for enhancement if the offense occurred 
after January 1, 1984.”  Id.
        The 
principle underlying Serrato is that convictions that were final under 
prior law are also final under the new provisions.  Applied to the facts of 
Serrato, the result was that the State was permitted to use the 
defendant’s 1990 and 1993 convictions.[5] Id.  
Recently, the Tyler Court of Appeals relied on Serrato in a case where 
the defendant’s prior conviction was barred by an application of the current 
ten-year rule.  Getts, 2003 WL 22456104, at *2.  The court 
concluded that a 1984 conviction is a final conviction and, when it is also 
barred by an application of the ten-year rule, it cannot be used by the State 
for enhancement purposes.  Id. at *3.
        Without 
citing Serrato, the Amarillo Court of Appeals recently applied prior 
article 6701l-1(h) to determine whether a 1984 conviction was final.  
Nixon v. State, No. 07-03-0072-CR, 2004 WL 757970, at *2 (Tex. 
App.—Amarillo Apr. 8, 2004, pet. ref’d).  There, the appellant was 
indicted in January 2002 for DWI. Prior DWI convictions occurred in 1995 and 
January 1984.  The 1984 conviction was based on an offense committed in 
September 1983, charged under article 6701l-1, and probated.  The 
court summarily applied article 6701l-1(h), the law in effect at the time 
of the offense.  Subsection (h) reads, “[A] conviction for an offense 
that occurs on or after January 1, 1984, is a final conviction, whether or not 
the sentence for the conviction is probated.”[6]  
The court employed rules of construction to conclude that, for a probated 
offense to be final, the offense itself must occur on or after January 1, 1984.  
Id. at *2.
        The 
Dallas and Eastland Courts of Appeals have also found that convictions are final 
so long as they occurred on or after January 1, 1984 and a sentence was imposed 
or probated.  See Williamson v. State, 46 S.W.3d 463, 466-67 
(Tex. App.—Dallas 2001, no pet.); Rizo v. State, 963 S.W.2d 137, 139 
(Tex. App.—Eastland 1998, no pet.).
        Under 
the rationale of Serrato and its progeny, Verhoeven’s 1984 conviction 
is a final conviction because section 49.09 incorporates article 6701l-1, 
the DWI law prior to September 1, 1994, in its entirety.  Under the former 
article, a conviction is final if the offense occurred on or after January 1, 
1984.  Under Nixon, the law in effect at the time of the offense 
controls the finality of the conviction.  We are aware of no courts that 
have held that conviction for an offense occurring on or after January 1, 1984 
where the sentence was imposed or probated is not a final conviction.  
Accordingly, Verhoeven’s November 30, 1984 conviction is excluded from 
enhancement use because it is both final and unavailable for use under the 
ten-year rule.
        Even 
if the current DWI enhancement statute did not expressly incorporate the 
provisions of article 6701l-1, we find authority under Griffith 
and Boykin to effect legislative intent in cases where the literal words 
of the statute do not.  See Griffith, 116 S.W.3d at 785; Boykin, 
818 S.W.2d at 785.  We hold that Verhoeven’s 1984 conviction is a final 
conviction under section 49.09 (e)(1) and satisfies each requirement for 
remoteness under section 49.09(e)(2) and (e)(3).  Therefore, Verhoeven’s 
1984 conviction cannot be used to enhance his misdemeanor DWI offense to a 
felony.  We overrule the State’s sole point.
IV. Conclusion
        Having 
overruled the State’s sole point on appeal, we affirm the judgment of the 
trial court.
 
 
 
                                                          BOB 
MCCOY
                                                          JUSTICE
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
October 7, 2004

 
NOTES
1.  
Part (b) of this requirement is the so-called “ten-year rule.”  Under 
the current statute, applicable to this case, the ten-year period is measured forward 
from the prior conviction at issue using one of four possible dates: the 
judgment entry date (applicable here), the community supervision discharge date, 
the parole completion date, or the completion date for service of a term of 
imprisonment or confinement.  For a conviction to be remote through the use 
of the ten-year rule, two conditions must be met: (1) the current offense 
occurred after the ten-year period and (2) no intervening convictions were 
incurred (i.e., the offender was not convicted of additional 
intoxication-related offenses during the ten-year period).  Thus, if ten 
years lapsed between any two consecutive convictions, the older of the two 
cannot be used for enhancement.  Id. § 49.09(e)(2)-(3); Howard 
v. State, 137 S.W.3d 282, 287-88 (Tex. App.—Fort Worth 2004, pet. filed); Getts 
v. State, No. 12-03-00047-CR, 2003 WL 22456104, at *1-2 (Tex. App.—Tyler 
October 29, 2003, pet. granted) (mem. op.); Anderson v. State, 110 S.W.3d 
98, 99 (Tex. App.—Dallas 2003, no pet.).
2.  
Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 
3696.
3.  
Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 
1574-77, repealed by Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 
1.15, 1993 Tex. Gen. Laws 3586, 3704.
4.  
Both the current and former version of the ten-year rule allow the State to use 
convictions ten years and older under certain conditions.  This older 
conviction could be “revived,” under the former rule, if a second DWI was 
committed within ten years of the primary offense.  The current law allows 
use of a ten-year or older conviction if it is not separated by ten years from 
another DWI conviction.  Based on this, the State asserts that the overall 
historical scheme demonstrates that the use of former article 6701l-1 
convictions were not subject to time limitation.  Yet, in cases where 
revival did not apply, the former scheme provided a mechanism to prohibit use of 
prior article 6701l-1 convictions based on their age, i.e., more than ten 
years old.  The State’s interpretation of the current DWI enhancement 
scheme would provide no mechanism for exclusion of any article 6701l-1 
prior conviction.  Such an interpretation is a marked departure from the 
historic scheme, and the State has not demonstrated the legislature’s intent 
to do so.  The existence of the revival doctrine, under the former scheme, 
and the intervening conviction doctrine, under the current scheme, are, in fact, 
not evidence of a legislative purpose to categorically exempt article 6701l-1 
convictions from time limitation.  Rather, these doctrines appear to be 
consistent with the legislature’s desire to encourage rehabilitation by 
dealing sternly with recent recidivism.
5.  
Seratto’s offense was committed on December 2, 1994 and was enhanced by two 
1993 convictions and a 1991 conviction.  Id.  Unlike the 
present case, State use of his prior convictions was not barred by an 
application of the ten-year rule.
        Seratto’s 
prior convictions were subject to the pre-2000 ten-year rule.  Act of May 
29, 1993, 73d Leg., R.S., ch. 900, § 1.10, 1993 Tex. Gen. Laws 3586, 3696, repealed 
by Act of May 30, 1999, 76th Leg., R.S., ch. 1364, § 12 sec. 49.09(d), 1999 
Tex. Gen. Laws 4606, 4610 (effective January 1, 2000).  While the current 
ten-year rule is forward-looking from a prior conviction, the pre-2000 rule was 
backward-looking from the instant offense.  So long as one prior conviction 
occurred within the ten-year period antecedent to the current offense, the 
second prior offense could be a remote prior conviction revived for enhancement 
use.  Howard, 137 S.W.3d at 287; Getts, 2003 WL 22456104, at 
*2; Anderson, 110 S.W.3d at 99.
6.  
Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, art. 6701l-1(h), 
1983 Tex. Gen. Laws 1568, 1576, repealed by Act of May 29, 1993, 73d 
Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.