IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0093-04






BOBBY DOYLE GETTS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


HENDERSON COUNTY





 Keasler, J., delivered the opinion of the Court in which Price, Womack, Johnson,
Hervey, and Holcomb, JJ., joined. Keller, P.J., and Meyers, J., dissented without
opinion. Cochran, J., filed a dissenting opinion. 


O P I N I O N 



 Bobby Doyle Getts was charged with a DWI committed in 2002. The indictment
alleged two previous DWI convictions - one in 1997 and one in 1984. We must decide
whether these previous convictions were sufficient to elevate the 2002 offense to a third-degree felony. Based on the 2001 amendments to the DWI statute, we conclude that the
answer is no.


Facts and Procedural History


 Getts was charged by indictment with driving while intoxicated. The indictment
further alleged that prior to the commission of that offense, Getts had been convicted of DWI
on April 26, 1984 and on September 11, 1997. In an enhancement paragraph, the indictment
alleged that Getts had been previously convicted of felon in possession of a firearm.

 Getts's lawyer filed a pretrial motion to dismiss, arguing that the indictment failed to
allege a felony DWI because the 1984 prior conviction "occurred more than 10 years before
the offense being charged in this case." Getts filed a pro se motion to quash indictment on
the same grounds. The trial court held a hearing and overruled Getts's motions. Getts then
pleaded guilty pursuant to a plea bargain agreement for three years and the State's
abandonment of the enhancement paragraph.

 Getts filed notice of appeal. His appointed counsel filed an Anders (1) brief, and Getts
filed a pro se appellate brief arguing that the trial court erred in denying the pretrial motion
to dismiss and that the trial court lacked jurisdiction because this was not a felony DWI. The
Court of Appeals agreed. (2) It found that the 1984 conviction "[met] each of the requirements
for remoteness" under Penal Code § 49.09(e) and therefore was unavailable for
enhancement. (3) As a result, the appellate court reformed Getts's judgment to a class B
misdemeanor and remanded to the trial court for sentencing. (4) The court denied the State's
motion for rehearing, noting that § 49.09(e) "is unambiguous on its face." (5)

 We granted the State's petition for discretionary review to decide whether the Court
of Appeals correctly interpreted § 49.09(e).

Analysis


 When discerning the meaning of a statute, we begin with its plain language. (6) Our
leading case in statutory interpretation, Boykin v. State, (7) instructs us to first "focus our
attention on the literal text of the statute in question" because "the text of the statute is the
law." (8) If that language is clear and unambiguous, the plain meaning of those words is
applied. (9) But if the plain language leads to absurd results that the Legislature could not
possibly have intended, or if the language is ambiguous, we may consider extra-textual
factors to determine the statute's meaning. (10)

 Section 49.09(e) reads as follows:

 Except as provided by Subsection (f), a conviction may not be used for
purposes of enhancement under this section if:

 (1) the conviction was a final conviction under Subsection (d);

 (2) the offense for which the person is being tried was committed more than
10 years after the latest of:

 (A) the date on which the judgment was entered for the previous
conviction;

 (B) the date on which the person was discharged from any
period of community supervision on which the person was
placed for the previous conviction;

 (C) the date on which the person successfully completed any
period of parole on which the person was released after serving
a portion of the term to which the person was sentenced for the
previous conviction; or

 (D) the date on which the person completed serving any term for
which the person was confined or imprisoned for the previous
conviction; and

 (3) the person has not been convicted of an offense under Section 49.04, 49.05,
49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor
vehicle while intoxicated within 10 years of the latest date under Subdivision
(2).


 Initially, the statute states that "a conviction may not be used for purposes of
enhancement under this section if . . . ." This phrase refers to one conviction, not two. The
statute does not say "two convictions may not be used for enhancement if . . . ." Therefore,
it applies to prior convictions individually, not collectively. The statute provides the
framework for determining if either of Getts's prior convictions is available for enhancement.
We must consider one prior conviction at a time.

 We will begin with Getts's 1984 prior conviction. The easiest way to understand this
statute is to plug the relevant facts into it, and then read it. So every time the statute refers
to "the previous conviction," we will plug in the 1984 conviction. When it refers to the
current offense, we will plug in Getts's 2002 offense. We will also plug in "Getts" every time
the statute refers to "the person." Now the statute reads as follows:

 The 1984 conviction may not be used for purposes of enhancement if:

 (1) the 1984 conviction was a final conviction under Subsection (d);

 (2) the 2002 offense was committed more than 10 years after the latest of:

 (A) the date on which the 1984 judgment was entered;

 (B) the date on which Getts was discharged from any period of
community supervision on which he was placed for the 1984
conviction;

 (C) the date on which Getts successfully completed any period
of parole on which he was released after serving a portion of the
term to which he was sentenced for the 1984 conviction; or

 (D) the date on which Getts completed serving any term for
which he was confined or imprisoned for the 1984 conviction;
and

 (3) Getts has not been convicted of any other offense related to operating a
motor vehicle while intoxicated within 10 years of the latest date under
Subdivision (2).


 The next step in filling in the blanks is to determine, under subsection (2), the latest
of (A), (B), (C), or (D) for the 1984 conviction. In that case, Getts was convicted of DWI
on April 26, 1984. The record reflects that he served three days in jail after being convicted,
apparently due to credit for time in custody awaiting trial. He did not receive community
supervision or parole; instead, he discharged the sentence after three days. So the latest date
under those four options is (D), the date he completed his term. That date is April 29, 1984.

 Now we can read the statute as follows:

 The 1984 conviction may not be used for purposes of enhancement if:

 (1) the 1984 conviction was a final conviction under Subsection (d);

 (2) the 2002 offense was committed more than 10 years after April 29, 1984;
and

 (3) Getts has not been convicted of any other offense related to operating a
motor vehicle while intoxicated within 10 years of April 29, 1984.


 We now must consider subsection (3), whether Getts was convicted of another
alcohol-related offense within 10 years of April 29, 1984. The record reflects that he was
convicted of DWI on September 11, 1997. That is more than 10 years from April 29, 1984. 
No other alcohol-related offense is in the record. 

 Under the statute, all three conditions must be met for the conviction to be unavailable
for enhancement. Otherwise, the conviction is available for enhancement. In this case, all
three conditions are met:

 (1) The 1984 conviction is a final conviction.

 (2) The 2002 offense was committed more than 10 years after April 29, 1984.

 (3) Getts was not convicted of another alcohol-related offense within 10 years of April
29, 1984. 

 Because all three conditions are met, the 1984 conviction is unavailable for
enhancement. And without that conviction, the current offense ceases to be a felony DWI. 
There is no need to apply the statute to the 1997 conviction because both prior convictions
are needed to elevate this offense to a felony, and the 1984 conviction is unavailable.

No Absurd Result


 The State concedes that this is what the literal text of the statute provides. It argues,
however, that this creates an absurd result. The State points out that, under this
interpretation, a 100-year-old conviction could be used if the defendant also had a 90-year-old conviction, but a 12-year-old conviction cannot be used if the other conviction was just
1-year-old. 

 The State's assessment is correct, but we disagree that this result is absurd. There is
nothing absurd about a statutory interpretation which results in certain prior convictions
being available for enhancement and others not being available. Indeed, our interpretation
of the statute is not all that different from the State's. The appendix is useful in comparing
the two interpretations. It takes each possible set of facts and demonstrates whether the
convictions would be available for enhancement under the State's interpretation of the statute
and under our interpretation. For simplicity's sake, the latest date of the four options under
§ 49.09(e)(2) is referred to simply as the "discharge date." 

 As is evident from the appendix, the State differs from us in only two situations -
situations C and D. In situation C, the State would find neither conviction available for
enhancement, and we find both available. In situation D, the State would find both
convictions available for enhancement, and we find only the most recent conviction
available. But in the remaining situations, the interpretations are identical. The State's fear
of our interpretation having a drastic narrowing effect on the law is unwarranted. For the
most part, the results are no different.

Legislative History


 The State also argues that following the literal text of the statute is, in this case,
counter to legislative intent. Boykin instructs us to follow the literal text if it is unambiguous
and not absurd, and that is what we do in this case. There is no basis here for proceeding to
extra-textual factors such as legislative intent.

 Additionally, the State's argument regarding legislative intent is unpersuasive. This
statute originated in House Bill 314, which stated that a conviction for intoxication
manslaughter could be used to enhance under § 49.09(e) no matter when it occurred. Later,
the House Criminal Jurisprudence committee issued a substitute version of the bill which
added the language now found in § 49.09(e)(2). That bill never got beyond the House, but
its substance was found in House Bill 2250. The introduced version of HB 2250 contained
the language concerning involuntary manslaughter. When the bill went to the Senate, the
Senate Criminal Justice committee presented a substitute version that added the language
now found in § 49.09(e)(2). 

 But the final version of HB 2250 made an additional change, one that seems minor
but actually had a tremendous effect on the law. That version changed what was the pre-2001 version of § 49.09(e)(2) into what is now § 49.09(e)(3). The previous version said:

 the person has not been convicted of an offense under [any intoxication-related
penal provision] committed within 10 years before the date on which the
offense for which the person is being tried was committed.

The version created by the enrolled version of HB 2250 says:

 the person has not been convicted of an offense under [any intoxication-related
penal provision] within 10 years of the latest date under Subdivision (2).

 The State concedes that this change is significant. The previous version measured the
time between the date the prior offense was committed and the date that the current offense
was committed. The amended version measures the time between the date of the conviction
for the prior offense and the date listed under Subdivision (2). And subdivision (2) refers to
the latest date for a previous conviction, not the current offense. So this portion of the statute
now measures a completely different time period than it did before.

 This change was made in what Senator Moncrief described during a public hearing
as "a floor amendment that merely removes the duplicative language and makes appropriate
technical clean-ups, but no substantive changes." He then described it on the House floor
in the following manner: "merely a legislative council clean-up, removes duplicative
language, makes no substantive changes to the bill." The problem is, as the State
acknowledges, he was wrong. Regardless of what he or the Legislative Council intended,
the amendment was substantive.

 Where does that leave a court attempting to interpret a statute? The State argues that
we should follow the Legislature's intent regardless of what it wrote. But we interpret the
Legislature's statutes, not its intentions. We must give effect to the Legislature's change in
the law regardless of whether the change was intended. As the Supreme Court reminded us
earlier this year, "[i]f Congress enacted into law something different from what it intended,
then it should amend the statute to conform it to its intent. It is beyond our province to rescue
Congress from its drafting errors, and to provide for what we might think . . . is the preferred
result." (11) The D.C. Circuit explains, "whatever degree of confidence about congressional
purpose one derives from the legislative history, that purpose must find expression 'within
the permissible limits of the language' before it can be given effect." (12)

 In this case, it may have been the Legislature's intent to make merely technical, non-substantive changes in the floor amendment to HB 2250. Instead, it made substantive
changes to the law, which we must consider in our interpretation of the statute.

Conclusion


 The plain language of § 49.09(e) is clear and it does not lead to an absurd result. We
affirm the judgment of the Court of Appeals.


DATE DELIVERED: January 26, 2005

PUBLISH


Appendix




Prior convictions State's view Our view


A. Discharge date of one prior conviction
within 10 years of current offense; other prior
conviction also within 10 years of current
offense; both prior convictions within 10
years of one another 
Both prior
convictions available
for enhancement
Both prior
convictions available
for enhancement
B. Discharge date of one prior conviction
within 10 years of current offense; other prior
conviction more than 10 years before current
offense; both prior convictions within 10
years of one another
Both available for
enhancement; the
more recent makes
the older one
available
Both available for
enhancement; the
less-than-10-years
between two makes
older one available
C. Discharge date of one prior conviction
more than 10 years before current offense;
other prior conviction also more than 10 years
before current offense; both prior convictions
within 10 years of one another
Neither available;
nothing within 10
years of current
offense
Both available for
enhancement; the
less-than-10-years
between two makes
both available
D. Discharge date of one prior conviction
within 10 years of current offense; other prior
conviction more than 10 years before current
offense; prior convictions more than 10 years
apart
Both available for
enhancement; the
more recent makes
the older one
available
Recent conviction
available, older one
not
E. Discharge date of one prior conviction
more than 10 years before current offense;
other prior conviction also more than 10 years
before current offense; prior convictions more
than 10 years apart
Neither available;
nothing within 10
years of current
offense
Neither available;
over 10 years
between both
convictions

1. Anders v. California, 386 U.S. 738 (1967).
2. Getts v. State, __ S.W.3d __ 2003 Tex. App. LEXIS 9237 (Tex. App. - Tyler, Oct.
29, 2003), reh'g denied, 2003 Tex. App. LEXIS 10546 (Tex. App. - Tyler, Dec. 16, 2003)
(not designated for publication).
3. Id. at *5.
4. Id. at *8.
5. Getts v. State, 2003 Tex. App. LEXIS 10546 *3 (Tex. App. - Tyler, Dec. 16, 2003)
(not designated for publication).
6. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 
7. 818 S.W.2d 782 (Tex. Crim. App. 1991).
8. Id. at 785.
9. Id.
10. Id. at 785-86.
11. Lamie v. United States Tr., 540 U.S. 526, 542, 124 S. Ct. 1023, 1034 (2004)
(internal quotations omitted).
12. United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 495 (D.C. Cir.
2004).