NO.
12-05-00293-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RANCE KEITH CRAWFORD,       §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Rance
Keith Crawford appeals his conviction for the felony offense of assault, family
violence.  In two issues, he contends
that the evidence is legally and factually insufficient to prove that he
assaulted a family member or that he had been previously convicted of an
assault involving a family member.  We
reverse, order the entry of a reformed judgment, and remand for further
proceedings.

 

Background

            On March 30, 2005, Appellant
assaulted Connie Crawford, his wife. 
Crawford sustained a laceration to her head.  A Smith County grand jury indicted Appellant
for the offense of assault, family violence, and further alleged that he had
previously been convicted of an assault involving a family member.

            The case was tried to a jury, and
Appellant was found guilty as charged. 
The jury assessed punishment at ten years of imprisonment and a fine of
$5,000.00.  This appeal followed.

 

Sufficiency of the
Evidence

            In two issues, Appellant argues that
the evidence is legally and factually insufficient to prove that he was the
person who assaulted the victim and that he had previously been convicted of an
assault involving a family member or member of his household.

Standard of
Review–Legal Sufficiency

            The Fourteenth Amendment due process
guarantee requires that there be legally sufficient evidence to sustain a
criminal conviction.  Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d
560 (1979); see also Russeau v. State, 171 S.W.3d 871, 877
(Tex. Crim. App. 2005).  Evidence is
legally sufficient if any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99
S.Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  For legal
sufficiency review, the evidence is examined in the light most favorable to the
jury’s verdict.  Jackson,
443 U.S. at 319, 99 S.Ct. at 2789; Johnson, 871 S.W.2d at 186. 

            The legal sufficiency of the
evidence is measured against the offense as defined by a hypothetically correct
jury charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
A hypothetically correct jury charge “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.

            As authorized by the indictment, the
State was required to prove that (1) Appellant 
intentionally, knowingly, or recklessly caused bodily injury to another,
(2) the offense was committed against a member of Appellant’s family or
household, and (3) Appellant had previously been convicted of an assault
against a member of his family or household. 
See Tex. Pen. Code Ann.
§§ 22.01 (a)(1), (b)(2) (Vernon 2005). 


Standard of
Review–Factual Sufficiency

            In reviewing factual sufficiency of
the evidence, we review all of the evidence neutrally and determine whether a
rational jury could find guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003).  A clearly
wrong and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. 

            As in legal sufficiency review, the
fact finder is the sole judge of the weight and credibility of a witness’s
testimony.  Wesbrook v. State,
29 S.W.3d 103, 112 (Tex. Crim. App. 2000); Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).  The
jury may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

Analysis–Assault

            In support of his argument that he
was not the person who assaulted the victim, Appellant has marshaled the
evidence that suggests that the victim did not wish to testify or want the
prosecution to go forward.  Furthermore,
he asserts that the victim was an unreliable witness.   Nevertheless, the victim testified that
Appellant struck her in the head with a “slapjack” and kicked her while she was
on the ground.  The deputy who responded
to the 9-1-1 call testified that she was still bleeding when he arrived, that
there was fresh blood on the driveway, and that she told him Appellant had
struck her.  Finally, the emergency room
doctor testified that the victim told her Appellant had hit her in the
head.      A
rational finder of fact could have concluded beyond a reasonable doubt that
Appellant was the one who assaulted his wife. 
Furthermore, the evidence is neither too weak to support the verdict nor
is there contrary evidence that makes the jury conclusion unjust or manifestly
unfair.  We overrule Appellant’s first
issue.

Analysis–Family
Violence

            In his second issue, Appellant
argues that the evidence was legally insufficient to show that he had been
convicted previously of an assault involving family violence.  

            Assault causing bodily injury is a
class A misdemeanor.  Tex. Pen. Code Ann. §§ 22.01 (a)(1),
(b) (Vernon 2005).  However, the offense
is a third degree felony if the victim is a family member, as that is defined,
and the actor has a previous conviction for assault and the victim of that
assault was a family member, a member of the person’s household, or a person in
a dating relationship with the actor.  Id.
at §§ 22.01(b), (c)(2); Tex. Fam. Code
Ann. §§ 71.0021(b), 71.003, 71.005 (Vernon 2005). 

            When entering a judgment, a trial
court is to make an affirmative finding that the offense involved family
violence, as defined by Texas Family Code Section 71.004, if the trial court
determines that to be the case.  Tex. Code Crim. Proc. Ann. art. 42.013
(Vernon 2005); Butler v. State, 189 S.W.3d 299, 302 (Tex. Crim.
App. 2006).

            The lack of an affirmative finding
does not settle the issue, however. In a subsequent prosecution, the State may
meet its burden to prove that the defendant has previously been convicted of an
offense involving family violence with extrinsic evidence of that fact.  See Mitchell v. State,
102 S.W.3d 772, 775 (Tex. App.–Austin 2003, pet. ref’d); Goodwin
v. State, 91 S.W.3d 912, 919 (Tex. App.–Fort Worth 2002, no pet.); State
v. Cagle, 77 S.W.3d 344, 348 (Tex. App.–Houston [14th Dist.] 2002, pet.
ref’d).  This may be done, for example,
with the testimony of the victim from the first conviction.  See, e.g., Mitchell, 102 S.W.3d
at 775; Goodwin, 91 S.W.3d at 920.

            To prove that Appellant had been
previously convicted of an assault involving family violence, the State
introduced evidence of Appellant’s prior conviction for assault.  Specifically, the State offered a certified
copy of a “Judgment and Community Supervision Order” from Appellant’s 1996
conviction for assault along with the complaint and charging information from
that case.  The judgment showed that
Appellant had pleaded guilty to assault. 
There is no finding of family violence and no other indication that the
offense involved family violence, although the judgment does direct Appellant
to stay away from Janet Whitworth.  The
only other place the name Janet Whitworth appears is in the complaint and
charging information where it alleges that she was the victim of the assault.

            The State also introduced a copy of
a “Criminal Docket” that was obtained by the detective who investigated the
case.  The document, to which Appellant
objected when it was offered, is not certified and does not appear to be the
docket of a court.  The detective
testified that it was “a copy of what I printed out of the computer out of the
Smith County computer system.”  When
Appellant’s counsel probed further, the detective testified that the document
was not certified and was something he had printed from a computer.  At another time, the witness said that was
taken from the “computer that’s prepared by the court.”

            This one page document relates to
the 1996 conviction.  It bears Appellant’s
name and has the same cause number as is contained in the certified
records.  Near the top it has an entry
that reads as follows “Off/Date: ASSAULT CAUSES BODILY INJURY FAMILY VIOLENCE.”  Lower on the form, the disposition is recorded
as “guilty,” and the form includes a list of probation terms and
conditions.  At the very top, the
document shows a time and date of 11:02 a.m. on May 2, 2005, which corresponds
to the time of the investigation into the current matter.  

            The detective testified that he was
satisfied that Appellant had been previously convicted of assault involving
family violence.  But his testimony was
based on the one page document outlined above. 
The detective testified that he did no investigation into who Janet
Whitworth was and was asked, “Do you know if she fits under the legal
definition of family or household member, as it existed in 1996, involving
[Appellant]?”  The detective answered, “No.”

            The State was required to prove
either that there had been an affirmative finding of family violence for the
1996 conviction or that Janet Whitworth was a member of Appellant’s family or
household.  The evidence is insufficient
to show either.  The “Criminal Docket”
may suggest that the case involved family violence, but we cannot determine who
made that assertion.[1] 
It is certainly not—and the State does not allege that it is—an
affirmative finding of family violence made by the court.  It is also not an assertion made by the State
in a charging information.  Had it been,
Appellant’s plea of guilty might have been an admission of that fact.  

            Viewed in the light most favorable
to the verdict, the document contains assertions made by an unknown person that
the case involved family violence. 
Without knowing who that person is, the basis of the person’s knowledge,
or some notion of what it was the person was trying to express, we cannot
conclude that the 1996 case involved family violence, especially in light of
the burden to prove that fact beyond a reasonable doubt.  The document is some kind of a summary of
events surrounding the 1996 conviction. 
As with the detective’s testimony, we cannot credit the conclusions
reached without some understanding of the underlying components.  

            This case is similar to Ellis
v. State, No. 2-02-416-CR, 2004 Tex. App. LEXIS 914 (Tex. App.–Fort
Worth 2004, pet. ref’d) (not designated for publication).  In Ellis, the only evidence to
show that a previous conviction involved family violence was that the case had
been heard in a court that primarily dealt with family violence cases.  Id., at *4.  The State conceded error in Ellis.  There is no concession of error in this case,
but we reach the same conclusion.  

            Viewing the evidence in a light most
favorable to the jury’s verdict, we are unable to conclude that the exhibit was
sufficient to prove that the court made an affirmative finding of family
violence or that the assault involved family violence.[2]  We accept Appellant’s suggestion that the
appropriate remedy is to remand the case so that he can be punished for a class
A misdemeanor.  See, e.g., Getts
v. State, 156 S.W.3d 593, 596 (Tex. App.–Tyler 2003), aff’d, 155
S.W.3d 153 (Tex. Crim. App. 2005).[3] 
We sustain Appellant’s second issue.

 

Conclusion

            There is no evidence that Appellant
had been previously convicted of an assault involving family violence.  Accordingly, we reverse the
judgment of the trial court and remand this matter for the entry
of a reformed judgment of conviction for a class A misdemeanor offense and for
assessment of an appropriate punishment. 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered July 26, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

(DO
NOT PUBLISH)











[1] Appellant has not
complained on appeal that the document was wrongly admitted, and we may
consider hearsay evidence in our sufficiency analysis.  Moff v. State, 131 S.W.3d 485,
489-90 (Tex. Crim. App. 2004). 





[2] We have considered and
rejected the State’s argument that Appellant’s failure to offer evidence that
Janet Whitworth was not a member of his family or household is evidence that
she was a member of his family or household. 
A defendant may not be compelled to give evidence against himself, and
the State bears the burden of proof in criminal matters.  Tex. Const.
art. I, § 10; Tex. Pen. Code Ann.
§ 2.01 (Vernon 2005).





[3] The jury was charged
on the lesser offense of misdemeanor assault. 
Cf. Collier v. State, 999 S.W.2d 779, 782–83 (Tex.
Crim. App. 1999).