James L. TIBBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42937.

Court of Criminal Appeals of Texas.

June 10, 1970.

Claude R. Bailey, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim. D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for robbery by assault; the punishment, twelve years.

The firearm allegation in the indictment was dismissed.

The appellant represented by retained counsel plead guilty before the court after the waiver of a jury in accordance with Arts. 1.13, and 1.14, Vernon's Ann. C.C.P. Before accepting the plea of guilty, the trial court admonished the appellant as to the consequences of his plea including the punishment applicable to the offense charged where the firearm allegation had been dismissed. After the court advised the appellant of his rights of confrontation and cross-examination, he waived those rights in writing, and with his attorney stipulated in writing in open court to the reports of Officers Carey and Valdez and the affidavit of the witness Newell, the assaulted party; and also the admission in evidence of the testimony of Officers Carey and Valdez previously introduced on appellant's motion to suppress which showed the pursuit from the scene of the robbery and the apprehension of the appellant by Officer Carey and the recovery by Carey and Valdez of the money taken in the robbery which was found in the car appellant was driving. The affidavit of the assaulted party Newell, made before a notary public, recites facts showing the taking of money from her by the exhibition of a sawed-off shotgun. The affidavit of the appellant made before the deputy district clerk recites that he assaulted the witness Newell and put her in fear of her life and took money from her possession without her consent. The affidavits of Newell and appellant and the police reports and previous testimony given by Officers Carey and Valdez were introduced in evidence in accordance with the stipulation.

The evidence sufficiently supports the conviction upon a plea of guilty before the court.

 There were no objections made during appellant's trial on his plea of guilty. In his brief filed in the trial court the appellant contends that his arrest was invalid, and the search and seizure and subsequent identification on his return to the scene was illegal. These contentions have been examined in light of the record and they do not reveal error.

The judgment is affirmed.