COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-367-CR
 
 
MELVIN 
WAYNE ROBERTSON                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Melvin Wayne Robertson entered an open plea of guilty to driving while 
intoxicated in January 2003.  The trial court conducted a punishment 
hearing; Robertson pleaded true to the enhancement[2] 
paragraph, concerning two prior DWIs in July 1993 and to the repeat offender 
notice concerning possession of a controlled substance in July 1993.  The 
trial court then sentenced Robertson to eleven years’ confinement.  We 
will affirm.
        Robertson’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no reversible grounds on appeal and referencing any grounds that 
might arguably support the appeal. See Mays v. State, 904 S.W.2d 920, 
922-23 (Tex. App.—Fort Worth 1995, no pet.).
        Robertson’s 
counsel presents three arguable grounds on appeal, which he concludes are not 
meritorious: Robertson’s eleven-year sentence is grossly disproportionate; 
Robertson’s trial counsel was ineffective, causing Robertson to enter an 
involuntary guilty plea; and the trial court improperly used prior convictions 
to enhance Robertson’s DWI. Robertson filed a pro se brief, in which he 
complains that there is no evidence, or alternatively that there is insufficient 
evidence that he had alcohol in his body, that the trial judge erred by allowing 
his counsel to withdraw during a critical stage, and that he was denied 
effective assistance of counsel.
Proper 
Enhancement and Proportionate Sentence
        In 
his first arguable ground, Robertson’s counsel points out that Robertson could 
argue that his eleven-year sentence is grossly disproportionate when considered 
in the context of his length of sobriety before the DWI offense in 2003.  
In his third arguable ground, Robertson’s counsel contends that Robertson 
could argue that the prior DWI convictions that were used to enhance the charged 
offense were not subsequent as required by the penal code.
        The 
DWI statutes permit the State to enhance a DWI charge from a Class B misdemeanor 
to a third-degree felony if the requirements of section 49.09(b) and (e) are 
met.  See generally Tex. 
Penal Code Ann. § 49.09(b), (e).  Section 49.09(b) requires that 
the person has previously been convicted two times of an offense relating to the 
operation of a motor vehicle while intoxicated.  Id. § 
49.09(b).  Section 49.09(e) requires courts to look forward ten years from 
the remote, oldest DWI conviction and determine whether the defendant in that 
ten-year period attained a DWI conviction.  Id. § 49.09(e); Howard, 
137 S.W.3d at 288.
        Here, 
Robertson’s July 12, 1993 convictions occurred less than ten years before he 
committed the charged offense on January 10, 2003.  Consequently, 
Robertson’s 1993 convictions were properly used to elevate the charged DWI 
offense to a third-degree felony.  See. id. § 49.09(e).  
Robertson’s prior felony conviction for possession of a controlled substance 
was then used to elevate the third-degree felony to a second-degree 
felony.  See id. § 12.42(a)(3).
        A 
second-degree felony has a penalty range of confinement in prison for two to 
twenty years and up to a $10,000 fine.  Id. § 12.33 (Vernon 
2003).  Here, Robertson was sentenced to eleven years in prison.  
There is nothing to suggest that the trial court erred in sentencing Robertson 
where the trial court assessed punishment within the statutory range.  
Consequently, we agree with Robertson’s counsel that the first and third 
arguable grounds are not meritorious.
Effective 
Assistance of Counsel
        In 
his second arguable ground, Robertson’s counsel claims that Robertson may 
raise an argument based on ineffective assistance of counsel because Robertson 
filed a pro se motion to withdraw his guilty plea thirty days after the judgment 
was entered, indicating that his plea was not voluntary.  Robertson argues 
in his second and third points in his pro se brief that the trial court erred by 
allowing his trial counsel to withdraw thirteen days into the appellate 
timetable and that he was denied effective assistance of counsel based on 
numerous theories.
        First, 
the record reflects that Robertson knowingly and voluntarily entered his 
plea.  The trial court questioned Robertson about whether his attorney 
discussed the written plea admonishments with him, to which Robertson responded 
affirmatively. When the trial court asked Robertson whether he had any 
questions, Robertson responded, “No, he [his trial counsel] was 
thorough.”  Thereafter, the trial court read Robertson his rights and 
explained that pleading guilty without the benefit of a plea agreement revokes 
those rights.  Despite being admonished of the consequences of his plea, 
Robertson pled guilty.  Moreover, Robertson’s written waiver, joined by 
his attorney, states that Robertson is mentally competent and aware of the 
possible punishment and the consequences of his plea.  At the plea hearing, 
the only mention of competency or sanity was when the trial court asked 
Robertson’s counsel if Robertson was mentally competent, and counsel responded 
affirmatively.  Therefore, nothing in the record would support a claim that 
Robertson’s plea was involuntary or that he was incompetent at the time of the 
plea hearing.
        Additionally, 
as Robertson’s counsel points out, the withdrawal of a plea after the trial 
court has pronounced judgment is within the sound discretion of the trial 
court.  See DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. 
App. [Panel Op.] 1981).  Moreover, there is no evidence that the trial 
court’s decision regarding the untimely motion to withdraw the guilty plea 
fell outside the “zone of reasonableness,” there was no abuse of discretion 
and no indication of ineffective assistance of counsel.  See Jackson v. 
State, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); see also 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding that 
any allegation of ineffectiveness must be firmly founded in record).  
Furthermore, Robertson has also failed to prove that he was harmed by the trial 
court’s decision to allow his trial counsel to withdraw after the trial; the 
trial court subsequently appointed appellate counsel for Robertson, and an 
appeal was timely filed.
        Consequently, 
the record does not support claims of ineffective assistance of counsel because 
there is no evidence that trial counsel's performance was deficient.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson, 
9 S.W.3d at 812; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 
1999).  In the absence of a proper evidentiary record developed at a 
hearing on a motion for new trial, it is extremely difficult to show that trial 
counsel's performance was deficient.  Gibbs v. State, 7 S.W.3d 175, 
179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).  When there is no 
hearing on a motion for new trial, like here, an affidavit from trial counsel 
becomes almost vital to the success of a claim of ineffective assistance of 
counsel. Howard v. State, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, 
pet. ref'd).  Because an affidavit from trial counsel was not filed in this 
case, Robertson failed to prove that his trial counsel’s performance was 
deficient.  Therefore, we agree with Robertson’s counsel that his second 
arguable ground is not meritorious, and we overrule the second and third points 
set forth in Robertson’s pro se brief.
Sufficiency of 
the Evidence
        In 
his first pro se point, Robertson raises no-evidence arguments and challenges 
the sufficiency of the evidence. When a defendant voluntarily pleads guilty to 
the court, we do not use the legal sufficiency standard to measure the 
sufficiency of the evidence.  Wright v. State, 930 S.W.2d 131, 132 
(Tex. App.—Dallas 1996, no pet.).  Instead, we look to see if the State 
introduced sufficient evidence to support the plea and demonstrate appellant’s 
guilt. See Tex. Code Crim. Proc. 
Ann. art. 1.15 (Vernon Supp. 2004-05); Dinnery v. State, 592 
S.W.2d 343, 351 (Tex. Crim. App. 1979) (op. on reh’g).  A judicial 
confession will sustain a conviction upon a guilty plea.  Dinnery, 
592 S.W.2d at 353. Here, Robertson signed a written judicial confession.  
The record also demonstrates that the police report from the offense was 
admitted into evidence by the State, detailing Robertson’s bloodshot eyes, wet 
pants, and sluggish movements; the open sixteen-ounce beer found in the vehicle; 
Robertson’s failure to pass the field sobriety tests; and Robertson’s 
combative behavior upon being placed under arrest and later upon being placed in 
the holding cell.  The evidence sufficiently supports the conviction upon a 
plea of guilty before the court.  See Tibbs v. State, 456 S.W.2d 
391, 391 (Tex. Crim. App. 1970).  Thus, we overrule Robertson’s first 
point.
Independent 
Review of the Record
        Once 
appellant's court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Robertson entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of his plea, error that is 
not independent of the judgment of guilt, and error occurring after entry of the 
guilty plea.  See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. 
App. 2003) (citing Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 
2000)); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 
1994).  Our independent review of the record reveals that counsel has 
correctly determined that there are no arguable grounds for relief.
        Our 
review of the record reveals no jurisdictional defects.  The indictment 
conferred jurisdiction on the trial court and provided Robertson with sufficient 
notice to prepare a defense.  See Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004-05); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. 
Crim. App. 1997).  Furthermore, there are no Young-type errors upon 
which the judgment of guilt is predicated.  See Young, 8 S.W.3d at 
666-67.
Conclusion
        Based 
upon our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of this 
case.  Therefore, we grant appellate counsel's motion to withdraw and 
affirm the trial court's judgment.
  
  
                                                          PER 
CURIAM
 
  
PANEL 
F:   WALKER, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 16, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We use the term “enhancement” because penal code section 49.09 uses that 
term.  Tex. Penal Code Ann. 
§ 49.09(e) (Vernon Supp. 2004-05).  We recognize, however, that prior DWIs 
are elements of the offense of felony DWI as opposed to traditional enhancement 
provisions.  See, e.g., Hollen v. State, 117 S.W.3d 798, 801 (Tex. 
Crim. App. 2003) (explaining that “the two prior [DWI] convictions are 
elements of the offense . . . of felony DWI”), cert. denied, 124 S. Ct. 
2022 (2004); Tex. Penal Code Ann. 
§ 12.42 (Vernon Supp. 2004-05), § 12.43 (Vernon 2003) (setting forth 
traditional punishment enhancement provisions); Howard v. State, 137 
S.W.3d 282, 287 n.4 (Tex. App.—Fort Worth 2004, no pet.).