Melvin Wayne Robertson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-367-CR

MELVIN WAYNE ROBERTSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Melvin Wayne Robertson entered an open plea of guilty to driving while intoxicated in January 2003.  The trial court conducted a punishment hearing; Robertson pleaded true to the enhancement
(footnote: 2) paragraph, concerning two prior DWIs in July 1993 and to the repeat offender notice concerning possession of a controlled substance in July 1993.  The trial court then sentenced Robertson to eleven years’ confinement.  We will affirm.

Robertson’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel  avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

Robertson’s counsel presents three arguable grounds on appeal, which he concludes are not meritorious:  Robertson’s eleven-year sentence is grossly disproportionate; Robertson’s trial counsel was ineffective, causing Robertson to enter an involuntary guilty plea; and the trial court improperly used prior convictions to enhance Robertson’s DWI.  Robertson filed a pro se brief, in which he complains that there is no evidence, or alternatively that there is insufficient evidence that he had alcohol in his body, that the trial judge erred by allowing his counsel to withdraw during a critical stage, and that he was denied effective assistance of counsel. 

Proper Enhancement and Proportionate Sentence

In his first arguable ground, Robertson’s counsel points out that Robertson could argue that his eleven-year sentence is grossly disproportionate when considered in the context of his length of sobriety before the DWI offense in 2003. 
 In his third 
arguable ground
, Robertson’s counsel contends that Robertson could argue that the prior DWI convictions that were used to enhance the charged offense were not subsequent as required by the penal code. 

The DWI statutes permit the State to enhance a DWI charge from a Class B misdemeanor to a third-degree felony if the requirements of section 49.09(b) and (e) are met.  
See generally
 
Tex. Penal Code Ann.
 § 49.09(b), (e).  Section 49.09(b) requires that the person has previously been
 convicted two times of an offense relating to the operation of a motor vehicle while intoxicated.  
Id
.
 § 49.09(b)
.  Section 49.09(e) requires courts to look forward ten years from the remote, oldest DWI conviction and determine whether the defendant in that ten-year period attained a DWI conviction. 
 Id
. 
§ 49.09(e); 
Howard
, 137 S.W.3d at 288.  

Here, Robertson’s July 12, 1993 convictions occurred less than ten years before he committed the charged offense on January 10, 2003.  Consequently, Robertson’s 1993 convictions were properly used to elevate the charged DWI offense to a third-degree felony.  
See. id.
 § 49.09(e).
  Robertson’s prior felony conviction for possession of a controlled substance was then used to elevate the third-degree felony to a second-degree felony.  
See id.
 § 12.42(a)(3).

A second-degree felony has a penalty range of confinement in prison for two to twenty years and up to a $10,000 fine. 
 Id
. § 12.33 (Vernon 2003).
 
 Here, Robertson was sentenced to eleven years in prison. There is nothing to suggest that the trial court erred in sentencing Robertson where the trial court assessed punishment within the statutory range
.
 Consequently, we agree with Robertson’s counsel that the first and third 
arguable ground
s are not meritorious.

Effective Assistance of Counsel

In his second 
arguable ground
, Robertson’s counsel
 claims that Robertson may raise an argument based on ineffective assistance of counsel because Robertson filed a pro se motion to withdraw his guilty plea thirty days after the judgment was entered, indicating that his plea was not voluntary.  Robertson argues in his second and third points in his pro se brief that the trial court erred by allowing his trial counsel to withdraw thirteen days into the appellate timetable and that he was denied effective assistance of counsel based on numerous theories.

First, the record reflects that Robertson knowingly and voluntarily entered his plea.  The trial court questioned Robertson about whether his attorney discussed the written plea admonishments with him, to which Robertson responded affirmatively.  When the trial court asked Robertson whether he had any questions, Robertson responded, “No, he [his trial counsel] was thorough.” Thereafter, the trial court read Robertson his rights and explained that pleading guilty without the benefit of a plea agreement revokes those rights.  Despite being admonished of the consequences of his plea, Robertson pled guilty. Moreover, Robertson’s written waiver, joined by his attorney, states that Robertson is mentally competent and aware of the possible punishment and the consequences of his plea.  At the plea hearing, the only mention of competency or sanity was when the trial court asked Robertson’s counsel if Robertson was mentally competent, and counsel responded affirmatively.  Therefore, nothing in the record would support a claim that Robertson’s plea was involuntary or that he was incompetent at the time of the plea hearing.

Additionally, as Robertson’s counsel points out, the withdrawal of a plea after the trial court has pronounced judgment is within the sound discretion of the trial court.  
See
 
DeVary v. State
, 615 S.W.2d 739, 740 (Tex. Crim. App. [Panel Op.] 1981).  Moreover, there is no evidence that the trial court’s decision regarding the untimely motion to withdraw the guilty plea fell outside the “zone of reasonableness,” there was no abuse of discretion and no indication of ineffective assistance of counsel.  
See Jackson v. State
, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); 
see also Thompson v. State
, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding that any allegation of ineffectiveness must be firmly founded in record).
  Furthermore, Robertson has also failed to prove that he was harmed by the trial court’s decision to allow his trial counsel to withdraw after the trial; the trial court subsequently appointed appellate counsel for Robertson, and an appeal was timely filed.
 

Consequently, the record does not support claims of ineffective assistance of counsel because there is no evidence that trial counsel's performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson
, 9 S.W.3d at 812; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  In the absence of a proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient.  
Gibbs v. State
, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).  When there is no hearing on a motion for new trial, like here, an affidavit from trial counsel becomes almost vital to the success of a claim of ineffective assistance of counsel.  
Howard v. State
, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref'd).  Because an affidavit from trial counsel was not filed in this case, Robertson failed to prove that his trial counsel’s performance was deficient.  
Therefore, we agree with Robertson’s counsel that his second 
arguable ground
 is not meritorious, and we overrule the second and third points set forth in Robertson’s
 pro se brief.

Sufficiency of the Evidence

In his first pro se point, Robertson 
raises no-evidence arguments and challenges the sufficiency of the evidence
.  
When a defendant voluntarily pleads guilty to the court, we do not use the legal sufficiency standard to measure the sufficiency of the evidence.  
Wright v. State
, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.).  Instead, we look to see if the State introduced sufficient evidence to support the plea and demonstrate appellant’s guilt.  
See 
Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2004-05); 
Dinnery v. State, 
592 S.W.2d 343, 351 (Tex. Crim. App. 1979) (op. on reh’g).  A judicial confession will sustain a conviction upon a guilty plea. 
 Dinnery
, 592 S.W.2d at 353.  Here, Robertson signed a written judicial confession.  The record also demonstrates that the police report from the offense was admitted into evidence by the State, detailing Robertson’s bloodshot eyes, wet pants, and sluggish movements;
 the open sixteen-ounce beer found in the vehicle; Robertson’s failure to pass the field sobriety tests; and Robertson’s combative behavior upon being placed under arrest and later upon being placed in the holding cell.  The evidence sufficiently supports the conviction upon a plea of guilty before the court.  
See Tibbs v. State
, 456 S.W.2d 391, 391 (Tex. Crim. App. 1970).
  Thus, we overrule Robertson’s first point.

Independent Review of the Record

Once appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Robertson entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003) (citing 
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)); 
Jack v. State
, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief. 

Our review of the record reveals no jurisdictional defects.  The indictment conferred jurisdiction on the trial court and provided Robertson with sufficient notice to prepare 
a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004-05); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
  Furthermore, there are no 
Young
-type errors upon which the judgment of guilt is predicated.  
See Young
, 8 S.W.3d at 666-67.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 16, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
We use the term “enhancement” because penal code section 49.09 uses that term.  
Tex. Penal Code Ann.
 § 49.09(e) (Vernon Supp. 2004-05).  We recognize, however, that prior DWIs are elements of the offense of felony DWI as opposed to traditional enhancement provisions.  
See, e.g., Hollen v. State
, 117 S.W.3d 798, 801 (Tex. Crim. App. 2003) (explaining that “the two prior [DWI] convictions are elements of the offense . . . of felony DWI”), 
cert. denied
, 124 S. Ct. 2022 (2004); 
Tex. Penal Code Ann.
 § 12.42 (Vernon Supp. 2004-05), § 12.43 (Vernon 2003) (setting forth traditional punishment enhancement provisions); 
Howard v. State
, 137 S.W.3d 282, 287 n.4 (Tex. App.—Fort Worth 2004, no pet.).